■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY UNDERWOOD, Appellant. [607 NYS2d 955] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Goldstein, J.), rendered April 2, 1992, convicting him of robbery in the third degree, criminal possession of stolen property in the fifth degree (two counts), criminal mischief in the fourth degree, unauthorized use of a vehicle in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At about 9:00 P.M. on December 11, 1990, the defendant accosted the complainant in front of her Queens home and snatched her purse, which contained several credit cards, from her shoulder. The jury convicted the defendant, *inter alia,* of robbery in the third degree.

The defendant's argument that his conviction must be reversed because he was absent during a portion of the *Wade* hearing is without merit. A criminal defendant has a constitutional and statutory right to be present at all material stages of his trial *(see, e.g.,* CPL 260.20; *People v Mitchell,* 80 NY2d 519; *People v Antommarchi,* 80 NY2d 247; *People v Velasco,* 77 NY2d 469; *People v Mullen,* 44 NY2d 1). A suppression hearing constitutes such a fundamental material stage *(see, People v Anderson,* 16 NY2d 282; *People v Gaines,* 144 AD2d 941). However, a defendant may waive the right to be present *(see, People v Epps,* 37 NY2d 343, 349, *cert denied* 423 US 999; *People v Gaines, supra,* at 941-942), provided that he does so knowingly, voluntarily, and intelligently *(see, People v Parker,* 57 NY2d 136, 140; *People v Epps, supra,* at 350, citing *Johnson v Zerbst,* 304 US 458, 464; *People v Gaines, supra,* at 941).

We find that the defendant's waiver in the present case was valid. He was in continuous contact with his attorney and was informed of his right to be present and of the consequences of his declining to appear *(see, People v Parker, supra,* at 141). His attorney stated that the defendant chose to absent himself from the hearing, ostensibly for strategic reasons, and that it

was the defendant's "right" to do so. Under these circumstances, we reject the defendant's claim that he was "deprived" of his right to be present. Moreover, that the defendant expressed his choice through trial counsel does not render the waiver invalid *(see, People v Poole,* 48 NY2d 144, 149; *People v Phillips,* 92 AD2d 738, 739).

The defendant's *Rosario* claim is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Rogelio,* 79 NY2d 843, 844; *People v Hilliard,* 173 AD2d 559; *People v Rashid,* 164 AD2d 951) and, in any event, lacks merit.

The defendant's sentence is not excessive *(see, People v Suitte,* 90 AD2d 80, 86).

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Rosenblatt, Copertino and Hart, JJ., concur.