■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISLAM SWIFT, Appellant. [624 NYS2d 423] —Judgment, Supreme Court, Bronx County (Arlene Silverman, J.), rendered June 29, 1992, convicting defendant, after jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 9 to 18 years, unanimously affirmed.

The hearing court properly exercised its discretion in denying defendant's application to call the complainant at the *Wade* hearing, without prejudice to a motion to reopen, on the

ground that defendant's claims of suggestiveness were purely speculative *(People v Taylor,* 80 NY2d 1, 15).

Defendant's claim that he was denied his right to be present at a material stage of his trial is not supported by the record. There is no indication that defendant's position at the defense table prevented him from hearing his counsel and the prosecutor consent, at sidebar, to the discharge of a venireperson who indicated that he knew defendant's wife (a witness at trial), or that defendant was prevented from conferring with his counsel throughout the jury voir dire *(People v Walker,* 202 AD2d 312, *lv denied* 83 NY2d 972). Further, the record belies defendant's claim that he was not present at the *Sandoval* hearing. Although some preliminary discussion regarding the court's anticipated *Sandoval* ruling was conducted off the record, thereafter a full *Sandoval* hearing was conducted, on the record and in defendant's presence.

The trial court properly exercised its discretion in denying defendant's application for a mistrial on the ground that police testimony, indicating that the investigation in this case included two lineups and the ultimate arrest of defendant, improperly bolstered the identification testimony of the complainant. Such testimony did not constitute improper bolstering because it did not include a statement that the witness made an out-of-court identification *(People v Forbes,* 161 AD2d 485, *lv denied* 76 NY2d 856). To the extent the testimony in question may have constituted inferential bolstering, it must be considered harmless error in light of the exceptionally strong identification testimony of the complainant and the improbability that defendant would have been acquitted but for the admission of the challenged testimony *(supra).* Concur —Rosenberger, J. P., Ellerin, Wallach, Kupferman and Mazzarelli, JJ.