■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR BROWN, Appellant. [638 NYS2d 427] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered December 1, 1993, convicting defendant, after a jury trial, of robbery in the first degree and two counts of robbery in the second degree and sentencing him, as a second felony offender, to concurrent terms of $5^1/_2$ to 11 years, 3 to 6 years and 3 to 6 years, respectively, unanimously affirmed.

The verdict was neither based upon insufficient evidence, nor was it against the weight of the evidence. Defendant's various arguments about the credibility of the witnesses were properly placed before the jury and we find no reason to disturb its determination.

Defendant argues that the court violated his rights under *People v Antommarchi* (80 NY2d 247) by conducting voir dire of three prospective jurors in his absence. However, the record

reveals that defendant was present in the courtroom and does not indicate he was unable to hear the questioning by the court of two of the prospective jurors (*People v Cuevas*, 203 AD2d 88, 89, *lv denied* 83 NY2d 909). Indeed, the record strongly suggests that the court conducted sidebars in a fashion designed to permit defendant to see and hear them and defendant has failed to provide a record that demonstrates to the contrary. Defendant's complaints about the third prospective juror are not supported by the record.

There is no merit to defendant's claim that the court unfairly marshalled identification evidence in the prosecution's favor by referring to the lineup identification of defendant by one of the victims without also referring to that victim's failure to identify defendant's photo from police photograph books. The court is not required to explain all the contentions of the parties or outline all inconsistencies in the evidence (*People v Saunders*, 64 NY2d 665). Moreover, the court thereafter instructed the jury that the identification should be "scrutinized" with care. Under the circumstances, the court did not err.

We perceive no abuse of sentencing discretion. Concur— Ellerin, J. P., Wallach, Nardelli and Williams, JJ.