■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MING YUEN, Appellant. [636 NYS2d 346] —Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered June 23, 1993, convicting him of robbery in the first degree (two counts), burglary in the first degree (two counts), robbery in the second degree (two counts), criminal possession of a weapon in the fourth degree, and unlawful imprisonment in the second degree (five counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has not preserved for appellate review his contention that the People failed to prove his identity as the perpetrator beyond a reasonable doubt (*see,* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10; *People v Udzinski*, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity beyond a reasonable doubt (*see, People v Caballero*, 177 AD2d 496). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

We find unpersuasive the defendant's contention that he was denied his right to be present at sidebar discussions with prospective jurors during voir dire (*see, People v Antommarchi*, 80 NY2d 247). The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to be present. Indeed, prior to the commencement of voir dire and while the defendant was present in the room, his counsel advised the court that, after discussing the matter with him, the defendant had agreed to waive his right to be present at the sidebar discussions (*see, People v Stokes*, 216 AD2d 337; *People v Perez*, 196 AD2d 781).

Similarly unavailing is the defendant's claim that the trial court committed reversible error in responding to an inquiry from the jury in the absence of the defendant and counsel. Rather, the record indicates that, after the jury retired to commence deliberations, counsel for both sides stipulated that any items of evidence which the jury requested during deliberations could be delivered to the jury without consulting the attorneys. The court subsequently informed counsel that, during a recess, the jury had requested certain detectives' notes and had been advised that no such notes were in evidence. Since this communication to the jury was purely ministerial in nature and did not constitute "information" or "instruction" within the meaning of CPL 310.30, the defendant's presence was not required (*see, People v Bonaparte*, 78 NY2d 26; *People v Harris*, 76 NY2d 810; *People v Phillips*, 182 AD2d 648).

Contrary to the defendant's contention, the prosecutor's remarks during summation were largely fair comment on the evidence and appropriate responses to the defense's summation (*see generally, People v Ashwal*, 39 NY2d 105; *People v Goodson*, 185 AD2d 945; *People v Acevedo*, 156 AD2d 569; *People v Baldo*, 107 AD2d 751). In any event, any arguably improper remarks were harmless given the overwhelming evidence of the defendant's guilt (*see, People v Crimmins*, 36 NY2d 230).

We have considered the defendant's remaining contention and find it to be without merit. Mangano, P. J., Bracken, Sullivan and Hart, JJ., concur.