■ The People of the State of New York, Respondent, v Manuel Alvarez, Appellant. [636 NYS2d 331] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered September 27, 1994, convicting defendant, after jury trial, of robbery in the first and second degrees, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years and 3 to 6 years, respectively, unanimously affirmed.

The trial court appropriately exercised its discretion in precluding proposed alibi testimony, upon finding that there was no good cause shown for failure to file a timely notice of alibi pursuant to CPL 250.20 (1), and that the prosecution had established that late notice deprived it of an appropriate opportunity to secure and investigate necessary records and arrange for expert witness testimony to refute the proposed testimony (see, People v Caputo, 175 AD2d 290, lv denied 78 NY2d 1126).

In light of the absence of a further record that might have been developed had an appropriate motion been made pursuant to CPL 440.10 (People v Love, 57 NY2d 998, 1000), the uncertain value of the proposed alibi testimony, and defense counsel's vigorous pursuit of a misidentification defense, it cannot be concluded on the existing record that trial counsel's failure to file a timely notice of alibi deprived defendant of the effective assistance of counsel (People v Baldi, 54 NY2d 137).

The trial court's denial of defendant's application for a continuance to call a police witness who was plainly unavailable and would be for the foreseeable future was an appropriate exercise of discretion (*Matter of Anthony M.*, 63 NY2d 270, 283). Defendant wished to call the police witness for the purpose of introducing a complaint report she prepared, but the report was received in evidence by stipulation in any event.

As defendant offered summation argument based on the content of the report entered into evidence through the stipulation, the prosecutor was entitled to respond. The trial court sustained defendant's objection to the prosecutor's comment that suggested a stipulation was entitled to less weight than the testimony of a live witness and instructed the jury to disregard that argument. It is presumed that the jurors understood and followed the instruction (*People v Davis*, 58 NY2d 1102, 1104). Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Williams, JJ.