■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHAN WASHINGTON, Appellant. [668 NYS2d 237] —Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered November 30, 1994, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In the course of the pretrial *Wade* hearing, the defendant requested that he not be present in the courtroom during the testimony of the complaining witness. The court granted the application, and directed that the defendant be brought to the adjacent jury room with that door left open so the defendant could hear the proceedings. After the conclusion of the cross-examination of the complainant, the defense counsel asked to speak with the defendant and the record indicates that counsel and the defendant did confer. The defendant did not object to this procedure. Thereafter the complainant was excused. The court entertained arguments on the *Wade* issue and made a ruling, and thereafter conducted a *Sandoval* hearing. The record does not expressly reflect that the defendant was returned to the courtroom prior to the commencement of the *Sandoval* hearing.

It is now settled that a criminal defendant has the right to be present at all material stages of his trial, including a *Sandoval* hearing (*see, People v Dokes*, 79 NY2d 656). However, it is equally settled that a presumption of regularity attaches to all judicial proceedings, and the defendant bears the burden of rebutting that presumption (*see, People v McGee*, 220 AD2d 799, 801). On the instant record, the defendant has not rebutted the presumption of regularity, inasmuch as he has not demonstrated that he was, in fact, absent from the *Sandoval* hearing (*see, People v DelRio*, 220 AD2d 122, 132; *People v McGee, supra; People v Robinson*, 191 AD2d 523).

Significantly, the defendant left the courtroom of his own volition, so as to prevent the complainant from having an additional opportunity to observe him prior to trial. He was placed in the adjacent jury room and there is no indication that he was unable to hear all relevant proceedings (*see, People v Brown*, 221 AD2d 160; *People v Swift*, 213 AD2d 355). Moreover, the record demonstrates that the defense counsel remained in the courtroom and that the defendant was not denied the opportunity to confer with his attorney (*see, People v Swift, supra; People v Walker*, 202 AD2d 312; *see also, People v Byrnes*, 33 NY2d 343, 350). In light of the foregoing, and in the absence of any conclusive proof in the record that the defendant was genuinely absent from the proceedings, we find that the presumption of regularity enables us to conclude that he was present for his *Sandoval* hearing (*see, People v Augustine*, 235 AD2d 915). Miller, J. P., Ritter, Altman and Krausman, JJ., concur.