■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIETTA BROADWATER, Appellant. [671 NYS2d 99] —Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (McDonald, J.), rendered December 8, 1995, convicting her of criminal sale of a controlled substance in the third degree under Indictment No. N10911/95, upon a jury verdict, and imposing sentence, and (2) an amended judgment

of the same court (Chetta, J.), rendered December 12, 1995, revoking a sentence of probation previously imposed by the same court, upon a finding that she had violated a condition thereof, upon her admission, and imposing a sentence of imprisonment upon her prior conviction of attempted criminal sale of a controlled substance in the third degree under Indictment No. N13059/93.

Ordered that the judgment and the amended judgment are affirmed.

Contrary to the defendant's contention, the record reveals that she voluntarily, knowingly, and intelligently waived her right to be present during sidebar conferences with prospective jurors (*see, People v Antommarchi,* 80 NY2d 247). Indeed, before the start of the voir dire, the defense counsel, in the presence of the defendant, told the court that the defendant waived her right to be present during the sidebar interviews (*see, People v Ming Yuen,* 222 AD2d 613; *People v Stokes,* 216 AD2d 337).

We also reject the defendant's claim that the trial court improperly closed the courtroom during the testimony of two undercover police officers. At a hearing conducted pursuant to *People v Hinton* (31 NY2d 71, *cert denied* 410 US 911), both undercover officers testified that (1) they had several ongoing investigations in the area of the defendant's arrest, (2) they had been in that neighborhood two days before the *Hinton* hearing and expected to return to the vicinity the following week, (3) they were constantly threatened with physical violence, and (4) their lives would be in jeopardy if their identities became known. Under these circumstances, we find that the factual showing was sufficient to support closing the courtroom (*see, People v Ramos,* 90 NY2d 490, *cert denied sub nom. Ayala v New York,* 522 US 1002; *People v Cebeda,* 211 AD2d 729; *People v Jamison,* 203 AD2d 385).

The Supreme Court also properly denied the defendant's motion to preclude the identification testimony of the undercover officer who functioned as the so-called "ghost" in this buy-and-bust operation. The "ghost" was a trained undercover officer who observed the defendant during the drug transaction, knowing that the defendant would shortly be arrested. Moreover, his post-arrest viewing of the defendant "occurred at a place and time sufficiently connected and contemporaneous to the arrest itself as to constitute the ordinary and proper completion of an integral police procedure" (*People v Wharton,* 74 NY2d 921, 922-923). Accordingly, the same factors which obviated the need for a pretrial notice of identification with regard to

the undercover officer who purchased narcotics in *People v Wharton (supra)* are equally applicable to the identification by the "ghost" officer in this case, and the defendant was not entitled to notice pursuant to CPL 710.30.

The defendant's sentences were not excessive (*see, People v Suitte,* 90 AD2d 80).

In view of the affirmance of the judgment, we discern no basis for disturbing the amended judgment relating to the defendant's violation of probation. Rosenblatt, J. P., Ritter, Sullivan and Goldstein, JJ., concur.