■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON ANDERSON, Appellant. [678 NYS2d 315] —Judgment, Supreme Court, New York County (George Roberts, J., at pretrial motions; Alfred Donati, J., at jury trial and sentence), rendered May 6, 1996, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and fourth degrees and of unlawful possession of marihuana, and sentencing him, as a second felony offender, to two concurrent terms of 6 to 12 years on the controlled substance possession convictions and to a conditional discharge on the marihuana conviction, unanimously modified, on the law, to the extent of vacating the conviction for fourth-degree possession and dismissing that count of the indictment, and otherwise affirmed.

The court properly denied, without a hearing, defendant's motion to suppress physical evidence. Defense counsel's affirmation failed to identify the source of information (*see*, CPL 710.60 [1]), as well as failing to address the information avail-

able to defendant, including the felony complaint. Moreover, defendant did not avail himself of the opportunity provided by the court to correct these defects.

Defendant's contention that he was denied his right to be present at an unrecorded portion of the *Sandoval* discussion held at the bench is unreviewable for lack of an adequate record (*People v Walker*, 202 AD2d 312, *lv denied* 83 NY2d 972). "Since the jury was not in the courtroom, it would be entirely speculative to conclude that the sidebar was conducted in a hushed dialogue out of defendant's hearing" (*People v Gonzalez*, 203 AD2d 192, *lv denied* 84 NY2d 826). In any event, defendant's presence was superfluous because the court's ruling was "wholly favorable" to him (*People v Favor*, 82 NY2d 254, 267), in that defendant received the specific relief he requested.

We perceive no abuse of sentencing discretion.

However, defendant's conviction on the fourth-degree possession count should be reversed and that count dismissed in light of the motion court's pretrial ruling reducing that count of the indictment to seventh-degree possession, which ruling apparently was overlooked at trial. Since criminal possession of a controlled substance in the seventh degree is a lesser included offense of criminal possession of a controlled substance in the third degree, defendant's conviction of the greater precludes his conviction of the lesser count (CPL 1.20 [37]; 300.40 [3] [b]; *see, Matter of Harry S.*, 236 AD2d 223). Concur—Sullivan, J. P., Ellerin, Williams, Tom and Mazzarelli, JJ.