THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BOHAN, Appellant. [684 NYS2d 514] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered October 11, 1995, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

There was legally sufficient evidence of guilt and the verdict was not against the weight of the evidence. We see no reason to disturb the jury's determinations regarding the credibility and reliability of witnesses.

The trial court properly exercised its discretion in precluding defendant from calling a third alibi witness, since the defense concededly failed to give proper alibi notice pursuant to CPL 250.20 and since the People were deprived of the opportunity to conduct a proper investigation regarding any of the alibi testimony (*see, People v Alvarez,* 223 AD2d 401, *lv denied* 88 NY2d 980).

Defendant's contention that the conditional examination of an incarcerated hospitalized witness in a communicable disease unit was conducted out of defendant's "presence" is unreviewable, defendant having failed to provide a sufficient record to establish that the special seating arrangements deprived him of the right to be present (*see, People v Brown,* 221 AD2d 160, *lv denied* 87 NY2d 898). In any event, the exist-

ing record establishes that defendant waived his right to be situated in closer proximity to the witness and counsel.

On the existing record, which defendant has not sought to amplify by a motion pursuant to CPL 440.10, we conclude that defendant received meaningful representation. Counsel's alleged errors could not have deprived defendant of a fair trial (*People v Benevento*, 91 NY2d 708, 713-714).

We perceive no abuse of sentencing discretion and conclude that the sentence was not based on any improper criteria.

We have reviewed and rejected defendant's remaining contentions. Concur—Sullivan, J. P., Lerner, Mazzarelli and Saxe, JJ.