■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN TORRES, Appellant. [700 NYS2d 42] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (DeLury, J.), rendered June 28, 1995, convicting him of criminal sale of a controlled substance in the third degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A criminal defendant has the right to be present at all material stages of his trial, including a *Sandoval* hearing (*see, People v Dokes,* 79 NY2d 656; *People v Sandoval,* 34 NY2d 371). However, it is equally well settled that a presumption of regularity attaches to all judicial proceedings, and it is the defendant who bears the burden of rebutting that presumption (*see, People v Firrira,* 258 AD2d 666; *People v Washington,* 246

AD2d 676; *People v McGee,* 220 AD2d 799, 801). On the instant record, the defendant has failed to rebut the presumption of regularity. The transcript reference to the *Sandoval* hearing discloses that it was conducted in the defendant's presence, in the courtroom, albeit off the record and at the bench. There was no jury in the courtroom and, presumably, relevant discussions were conducted in normal conversational tones. Inasmuch as there is absolutely no indication in the record from which to infer that the defendant was unable to hear the relevant proceedings, he failed to establish that he was, in fact, absent (*see, People v Washington, supra; People v Brown,* 221 AD2d 160; *People v Swift,* 213 AD2d 355).

The defendant's claim that the court improperly admitted into evidence testimony regarding uncharged crimes is not preserved for appellate review (*see,* CPL 470.05 [2]). In any event, the testimony regarding two uncharged drug sales observed by the police immediately before arresting the defendant for three other drug sales was inextricably interwoven with the crimes charged and, therefore, was admissible (*see, People v Williams,* 197 AD2d 722).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). S. Miller, J. P., O'Brien, McGinity and Feuerstein, JJ., concur.