■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WILSON, Appellant. [700 NYS2d 745] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered July 22, 1998, convicting him of criminal

sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly denied the defendant's application to preclude the identification testimony of the undercover officer who was the so-called "ghost" in this buy and bust operation. The ghost was a trained undercover officer who observed the defendant during the drug transaction, with the knowledge that the defendant would shortly thereafter be arrested (*see, People v Broadwater,* 248 AD2d 719). Moreover, the post-arrest viewing of the defendant "occurred at a place and time sufficiently connected and contemporaneous to the arrest itself as to constitute the ordinary and proper completion of an integral police procedure" (*People v Wharton,* 74 NY2d 921, 922-923; *see also, People v Broadwater, supra*).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J. P., Joy, Goldstein and Feuerstein, JJ., concur.