■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL MICHAEL MCNEIL, Appellant. [699 NYS2d 735] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered June 23, 1997, convicting him of manslaughter in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to consecutive indeterminate terms of 7½ to 15 years imprisonment.

Ordered that the judgment is modified, on the law, by reducing the sentence imposed on the conviction of manslaughter in the second degree from an indeterminate term of 7½ to 15 years imprisonment to an indeterminate term of 5 to 15 years imprisonment; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the record reveals that he voluntarily, knowingly, and intelligently waived his right to be present during sidebar conferences with prospective jurors (*see, People v Antommarchi,* 80 NY2d 247). The defense counsel, in the presence of the defendant, told the court that the defendant waived his right to be present during the sidebar interviews (*see, People v Broadwater,* 248 AD2d 719; *People v Stokes,* 216 AD2d 337). Accordingly, the defendant's waiver was valid.

The sentence imposed on the conviction of manslaughter in the second degree was illegal (*see,* Penal Law § 70.00 [3] [b]; 125.15). It is clear, however, that the Supreme Court intended to impose upon the defendant the maximum sentence, and we

find that it would be appropriate to do so. Consequently, the judgment is modified to reflect the intention of the Supreme Court (*see, People v Dorch,* 117 AD2d 677; *People v Gammon,* 251 AD2d 512).

The sentence is not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Ritter, J. P., Friedmann, Feuerstein and Schmidt, JJ., concur.