■ ELLA M. BLADE, Respondent, v TOWN OF NORTH HEMPSTEAD, Appellant, et al., Defendants. [715 NYS2d 735] —In an action to recover damages for personal injuries, the defendant Town of North Hempstead appeals from so much of an order of the Supreme Court, Nassau County (Ort, J.), dated September 30, 1999, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The appellant contends that the Supreme Court erred in

considering an affidavit of the plaintiff's expert which was submitted in opposition to its motion for summary judgment because the plaintiff had not complied with a demand for expert witness information pursuant to CPLR 3101 (d) (1) (i). We disagree. CPLR 3101 (d) (1) (i) does not require a party to respond to a demand for expert witness information at any specific time. Moreover, it does not "mandate that a party be precluded from proffering expert testimony merely because of noncompliance with the statute" (*Lillis v D'Souza,* 174 AD2d 976), unless there is evidence of an intentional or willful failure to disclose, and a showing of prejudice to the opposing party (*see, Cutsogeorge v Hertz Corp.,* 264 AD2d 752, 753; *Aversa v Taubes,* 194 AD2d 580). There is no indication that a note of issue was filed placing the matter on the trial calendar, and no evidence that the plaintiff intentionally or willfully failed to disclose the identity of her expert witness. Under these circumstances, the Supreme Court properly considered the expert's affidavit (*see, Martin v NYRAC, Inc.,* 258 AD2d 443).

Furthermore, the Supreme Court properly denied summary judgment on the ground that an issue of fact exists as to whether the appellant created the subject sidewalk defect through an affirmative act of negligence (*see, Amabile v City of Buffalo,* 93 NY2d 471; *Kiernan v Thompson,* 73 NY2d 840; *Mayer v Town of Brookhaven,* 266 AD2d 360; *O'Toole v County of Sullivan,* 255 AD2d 799). Ritter, J. P., Santucci, Krausman and Smith, JJ., concur.