■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHEEM FORD, Appellant. [719 NYS2d 677] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered April 6, 1998, convicting him of rob-

bery in the first degree, criminal possession of a weapon in the second degree, and grand larceny in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed upon the conviction of grand larceny in the second degree; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

The hearing court properly found that there was probable cause for the police to arrest the defendant (*see, People v Alston,* 279 AD2d 583 [decided herewith]).

The defendant knowingly, voluntarily, and intelligently waived his right to be present at sidebar conferences. Prior to the commencement of voir dire, his trial counsel informed the court, in the defendant's presence, that he had discussed the matter with the defendant and that the defendant had agreed to waive this right (*see, People v Reynoso,* 231 AD2d 592; *People v Smallwood,* 225 AD2d 713; *People v Ming Yuen,* 222 AD2d 613; *People v Stokes,* 216 AD2d 337). The fact that the defendant expressed a choice through trial counsel does not render the waiver invalid (*see, People v Underwood,* 201 AD2d 597). There is no requirement that the trial court inquire of the defendant directly (*see, People v Spotford,* 85 NY2d 593, 598).

As the People correctly concede, the defendant should not have been sentenced as a persistent violent felony offender upon his conviction of grand larceny in the second degree since this offense is not defined as a violent felony (*see,* Penal Law § 70.08 [1] [a]; § 70.02; *People v Hichez,* 240 AD2d 678; *People v Scruggs,* 201 AD2d 514). Krausman, J. P., S. Miller, Friedmann and Luciano, JJ., concur.