■ PETER SIMPSON, Respondent, v TENORE AND GUGLIELMO et al., Appellants. [731 NYS2d 859] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Scarpino, J.), entered June 27, 2000, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the defendants' contention, after they made out a prima facie case for summary judgment, the Supreme Court properly considered the affidavit of the plaintiff's expert which was submitted in opposition to the motion (*see, Blade v Town of N. Hempstead,* 277 AD2d 268; *Cutsogeorge v Hertz Corp.,* 264 AD2d 752). There is no evidence that the plaintiff intentionally or willfully failed to disclose the identity of his expert witness, nor has prejudice to the defendants been shown. Under these circumstances, the Supreme Court providently exercised its discretion in considering the expert's affidavit despite the plaintiff's failure to serve a notice pursuant to CPLR 3101 (d) (1) (i) (*see, Blade v Town of N. Hempstead, supra; Martin v NYRAC, Inc.,* 258 AD2d 443).

Furthermore, the expert's affidavit, which was neither conclusory nor speculative, established the existence of a material issue of fact as to whether the defendants created or contributed to the creation of the defect which allegedly caused the plaintiff's injuries (*see, Erbstein v Savasatit,* 274 AD2d 445; *Rodolitz v Boston-Old Colony Ins. Co.,* 74 AD2d 821; *cf., Tucker v Elimelech,* 184 AD2d 636). Santucci, J. P., S. Miller, Friedmann and Cozier, JJ., concur.