■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN WOMACK, Appellant. [738 NYS2d 595] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered March 20, 2000, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court properly refused to charge manslaughter in the first degree and manslaughter in the second degree as lesser-included offenses of murder in the second degree. Viewing the evidence in the light most favorable to the defendant (*see, People v Martin,* 59 NY2d 704), there is no reasonable view of the evidence which would support a finding that the defendant intended to cause serious physical injury rather than death, or that he was aware of and consciously disregarded a substantial and unjustifiable risk that his actions could result in the death of the victim (*see,* CPL 300.50 [1]; *People v Glover,* 57 NY2d 61; *People v Green,* 56 NY2d 427).

We find no merit to the defendant's claim that he was denied

a fundamental right to be present at sidebar conferences with prospective jurors during voir dire (*see, People v Antommarchi,* 80 NY2d 247). His contention is belied by the record, which indicates that the defendant made a knowing, voluntary, and intelligent waiver of his right to be present. Before the commencement of voir dire, in the defendant's presence, the defense counsel informed the trial court that he had explained to the defendant his right to be present and the defendant had agreed to waive it (*see, People v Smallwood,* 225 AD2d 713; *People v Ming Yuen,* 222 AD2d 613).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Feuerstein, J.P., O'Brien, Luciano and Townes, JJ., concur.