■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO LEBRON, Appellant. [742 NYS2d 312] —Appeal by the

defendant from a judgment of the Supreme Court, Kings County (Carroll, J.), rendered January 19, 2000, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defense counsel's representation to the court, made after conferring with the defendant, that the defendant waived his rights pursuant to *People v Antommarchi* (80 NY2d 247), was a valid waiver of those rights (*see* CPL 260.20; *People v Womack,* 292 AD2d 402; *People v Smallwood,* 225 AD2d 713). The fact that the defendant expressed a choice through trial counsel does not render the waiver invalid (*see People v Underwood,* 201 AD2d 597, 598).

We find no merit in the defendant's claim that the court improperly rejected his race-neutral explanation for the peremptory strike of a prospective juror. A peremptory challenge may be based on the prospective juror's identification as the victim of a crime or closeness to a crime victim (*see People v Richie,* 217 AD2d 84, 89; *People v Dixon,* 202 AD2d 12, 17-18). Here, however, the defendant's challenge was based on the mistaken belief that one or more of the children of the prospective juror were crime victims, when in fact, there was no indication that her children's deaths were anything but accidents. Thus, the court properly concluded that the peremptory strike of that juror was based on her race (*see People v Jupiter,* 210 AD2d 431, 432-433).

The defendant's claim that the sentence enhancement provisions for persistent felony offenders set forth in Penal Law § 70.08 and CPL 400.16 violate the State and Federal Constitutions is unpreserved for appellate review and, in any event, without merit (*see People v Rosen,* 96 NY2d 329, *cert denied* 534 US —, 122 S Ct 224; *People v Rice,* 285 AD2d 617). Feuerstein, J.P., S. Miller, Krausman and Cozier, JJ., concur.