■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MACK, Appellant. [741 NYS2d 445] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered April 6, 2000, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A criminal defendant has the right to be present during jury selection, including sidebar conversations at which jurors are questioned about their ability to weigh evidence and hear testimony objectively and impartially (see CPL 260.20; People v Vargas, 88 NY2d 363; People v Antommarchi, 80 NY2d 247; People v Sloan, 79 NY2d 386). It is equally well settled, however, that a presumption of regularity attaches to all judicial proceedings, and the defendant bears the burden of rebutting that presumption (see People v Torres, 267 AD2d 261; People v Firrira, 258 AD2d 666; People v Washington, 246 AD2d 676). Here, the defendant failed to rebut the presumption of regularity. The transcript indicates that the sidebar conferences were conducted in the defendant's presence, in the

courtroom, albeit off the record and at the bench. There were no prospective jurors in the courtroom and, presumably, relevant discussions were conducted in normal conversational tones. As there is no indication in the record from which to infer that the defendant was unable to hear the relevant proceedings, he failed to establish that he was, in fact, denied the right to be present during jury selection (*see People v Torres, supra*; *People v Washington, supra*; *People v Brown,* 221 AD2d 160; *People v Swift,* 213 AD2d 355). Santucci, J.P., Altman, McGinity and Adams, JJ., concur.