■ The People of the State of New York, Respondent, v Segundo Jose Velasquez, Appellant. [749 NYS2d 59] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered May 9, 2000, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention on appeal, the waiver of his right to be present during sidebar discussions with prospective jurors was knowing, voluntary, and intelligent (see *People v Antommarchi,* 80 NY2d 247).

The trial court, after directing that the voir dire panel be brought into the courtroom, stated, "Come up, counsel. While the jury is coming in, let's talk about logistics." Immediately following an unrecorded bench conference, the defense counsel, in open court and in the presence of the defendant, announced, "Waived," to which the trial court responded, *"Antommarchi* waived." Jury selection then commenced and sidebar proceedings were held outside the defendant's presence.

The defendant argues that the waiver of his *Antommarchi* rights was not effective because the record does not expressly reflect that he understood the nature of, and agreed to, the waiver. However, although a more complete record is to be preferred, there is no requirement that the trial court inquire directly of the defendant (see *People v Spotford,* 85 NY2d 593; *People v Ford,* 279 AD2d 588, 589). Clearly, the defendant's *Antommarchi* rights were addressed at the sidebar conference. Otherwise, the defense counsel's announcement would not have

been intelligible to the court. That the waiver was expressed through counsel does not render it invalid (*see People v Lebron,* 293 AD2d 689, *lv denied* 98 NY2d 711; *People v Ford, supra; People v Underwood,* 201 AD2d 597). Given the well-established nature of *Antommarchi* rights, the announcement of the waiver of such rights in open court and in the defendant's presence, and the lack of an objection to the defendant's absence at subsequent sidebars during voir dire, the defendant failed to rebut the presumption of regularity that attaches to official court proceedings and otherwise supports a conclusion that the waiver was neither offered by the defense counsel nor accepted by the trial court or the People without first ascertaining that the defendant knowingly, voluntarily, and intelligently agreed to the same (*cf. People v Mack,* 293 AD2d 762, *lv denied* 98 NY2d 699; *People v Torres,* 267 AD2d 261).

The defendant's remaining contentions are without merit. Ritter, J.P., Smith and H. Miller, JJ., concur.

O'Brien, J. (dissents and votes to hold the appeal in abeyance and remit the matter for a reconstruction hearing with the following memorandum in which Cozier, J., concurs). I do not agree with my colleagues that the record is adequate to determine that the defendant made a knowing, voluntary, and intelligent waiver of his *Antommarchi* rights (*see People v Antommarchi,* 80 NY2d 247). The record reveals that the trial judge called counsel up to the bench to talk "logistics" as the jury was being brought into the courtroom. After this off-the-record bench conference, the entire *Antommarchi* discussion on the record was as follows:

"Defense counsel: waived.

"The court: *Antommarchi* waived."

A defendant has a fundamental right to be present during the sidebar questioning of prospective jurors on issues concerning their ability to be impartial, and this right is not waived merely because the defendant fails to object to being excluded from sidebar conferences (*see People v Antommarchi, supra* at 250). However, case law establishes that this right may be waived, through counsel, in open court, and the trial judge is not required to engage in any colloquy with the defendant concerning this issue.

For example, in *People v Keen* (94 NY2d 533), the waiver was held to be valid where the trial judge did not directly question the defendant but merely asked the defense counsel, in open court, whether the defendant waived his right to be present when members of the prospective panel were called to the bench. In *People v Santorelli* (95 NY2d 412), the waiver was

upheld where the defense counsel, during a sidebar conference, turned to the defendant seated at the defense table, and asked him if he wished to be at sidebar. The defendant indicated "no" by shaking his head sideways.

Similarly, this Court has held that the defendant validly waived the *Antommarchi* rights where the defense counsel, in open court, informed the court that the right had been discussed with the defendant and that the defendant had agreed to waive it (*see People v Womack*, 292 AD2d 402; *People v Smallwood*, 225 AD2d 713), where it was otherwise evident from the record that the defense counsel had conferred with the defendant on this issue (*see People v Lebron, supra*; *People v Edwards*, 288 AD2d 320), or where the defense counsel informed the court, in the defendant's presence, that the defendant waived his right to be present during the sidebar interviews (*see People v McNeil*, 267 AD2d 478; *People v Broadwater*, 248 AD2d 719).

Here, unlike our previous decisions, neither the court nor the defense counsel articulated in the defendant's presence "the substance of the *Antommarchi* right" (*People v Keen, supra* at 538-539), and the record does not indicate that there was any discussion between the defense counsel and the defendant from which it can be inferred that the defendant understood the trial judge's statement, "*Antommarchi* waived."

Accordingly, I would remit the matter for a reconstruction hearing to determine whether the court or the defense counsel informed the defendant, prior to the waiver, that he had the right to be present during sidebar discussions with prospective jurors.