■ MIGUEL BAEZ et al., Respondents, v JOHN SUGRUE et al., Appellants. [752 NYS2d 385] —In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Barron, J.), dated June 7, 2001, as denied those

branches of their motions which were for summary judgment dismissing the complaint, to preclude the plaintiffs' expert witnesses from testifying at trial, and to compel the plaintiff Ann Baez to undergo intelligence testing, and granted that branch of the plaintiffs' cross motion which was for a protective order.

Ordered that the order is affirmed insofar as appealed from, with costs.

The infant plaintiffs resided with their mother in a pre-1960 multiple dwelling located in Brooklyn and owned by the defendants. During their tenancy, they were diagnosed as lead-poisoned due to elevated blood lead levels. The Department of Health (hereinafter the DOH) was notified and conducted an investigation. The DOH found lead-paint violations on 27 of 28 tested surfaces. The plaintiffs commenced this action alleging that both infant plaintiffs suffered from plumbism, brain damage, and various learning disabilities and behavioral problems as a result of their exposure to lead-based paint in the subject premises. After the note of issue was filed, the defendants moved, inter alia, to compel the plaintiff mother to submit to intelligence testing as required by the preliminary conference order. The plaintiffs cross-moved, inter alia, for a protective order. The defendants then moved for summary judgment, or in the alternative, for an order precluding the plaintiffs from presenting expert testimony on the issues of causation and damages. The Supreme Court denied the defendants' motions and granted that branch of the plaintiffs' cross motion which was for a protective order with respect to maternal intelligence testing. We affirm.

As the proponents of the summary judgment motion, the defendants were required to submit sufficient evidence in admissible form to establish their prima facie entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851). The unsworn physicians' reports on which the defendants relied were not in admissible form, and as such were not capable of establishing a prima facie case on the issue of causation (see CPLR 3212 [b]; Washington v City of Yonkers, 293 AD2d 741; Hargrove v Baltic Estates, 278 AD2d 278). In any event, the reports were based on conclusions unsupported by the record and on mere conjecture. Though both doctors stated that the infant plaintiffs' medical records were devoid of any indication that the infant plaintiffs suffered from symptoms of plumbism, one of the doctors noted that the DOH records indicated that the infant plaintiff Miguel Baez complained of irritability, abdominal pain, and vomiting. The other doctor did not review the DOH records at all. Neither

doctor specified why the level of lead exposure experienced by the infant plaintiffs was insufficient to cause their cognitive and behavioral problems. Their unfounded attribution of these problems to socio-economic factors was insufficient to establish the defendants' entitlement to judgment as a matter of law (*see Juarez v Wavecrest Mgt. Team,* 88 NY2d 628). Because the defendants failed to make a prima facie case, their motion must be denied regardless of the sufficiency of the plaintiffs' opposing papers (*see Winegrad v New York Univ. Med. Ctr., supra*).

The Supreme Court providently exercised its discretion in granting that branch of the plaintiffs' cross motion which was for a protective order regarding maternal intelligence testing, because the defendants failed to demonstrate how maternal intelligence testing was material and necessary to their defense of this action (*see* CPLR 3103 [a]; *Andon v 302-304 Mott St. Assoc.,* 94 NY2d 740; *Byck v Byck,* 294 AD2d 456; *Pagan v Penthouse Mfg. Co.,* 121 AD2d 374). The Supreme Court properly denied that branch of the defendants' motion which was to preclude the plaintiffs' expert witnesses from testifying at trial, because they failed to demonstrate that they made a diligent effort to resolve this discovery dispute and that the plaintiffs' failure to disclose was willful (*see* CPLR 3101 [d]; 3126; 22 NYCRR 202.7 [a] [2]; *Blade v Town of N. Hempstead,* 277 AD2d 268; *Barnes v NYNEX, Inc.,* 274 AD2d 368). Florio, J.P., Friedmann, McGinity and Townes, JJ., concur.