■ The People of the State of New York, Respondent, v Arnold D. Pitsley, Appellant. [752 NYS2d 575] —Appeal from a judgment of Oswego County Court (Elliott, J.), entered October 1, 2001, convicting defendant after a jury trial of attempted burglary in the third degree.

It is hereby ordered that the case is held, the decision is reserved and the matter is remitted to Oswego County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him following a jury trial of attempted burglary in the third degree (Penal Law §§ 110.00, 140.20), defendant contends that reversal is required because County Court conducted the *Sandoval* conference at the bench, outside of defendant's presence. We hold the case, reserve decision and remit the matter to Oswego County

Court to determine, following a reconstruction hearing, whether the *Sandoval* conference was conducted outside of defendant's presence, i.e., whether defendant was able to hear the *Sandoval* conference conducted at the bench and off the record (*see generally People v Goodman*, 284 AD2d 928; *People v James*, 252 AD2d 979, *lv denied* 92 NY2d 1033; *People v Sharpe*, 241 AD2d 977, *lv denied* 91 NY2d 880; *cf. People v Torres*, 267 AD2d 261, *lv denied* 94 NY2d 885; *People v Anderson*, 253 AD2d 636, 637, *lv denied* 92 NY2d 1027). At the reconstruction hearing, the People will have the burden of proof by a preponderance of the evidence (*see People v Terry*, 225 AD2d 1058, *lv denied* 88 NY2d 886; *cf. Torres*, 267 AD2d at 261-262).

All concur except Wisner, J., who dissents and votes to affirm in the following memorandum.

Wisner, J. (dissenting). I respectfully dissent from the decision of the majority to hold the case, reserve decision and remit the matter to Oswego County Court for further proceedings. "After a defendant has been convicted on plea of guilty or after trial, the People are not required to assume the burden of establishing that what was done was regular in the absence of evidence to the contrary" (*People v Smyth*, 3 NY2d 184, 187, *rearg denied* 3 NY2d 942). The First, Second and Third Departments thus have held that the conclusory assertion of a defendant that he was not present at a pretrial *Sandoval* hearing, if unsupported by the record, is not sufficient to rebut the presumption of regularity that attaches to the proceeding (*see People v Augustine*, 235 AD2d 915, 919, *appeal dismissed* 89 NY2d 1072, *lv denied* 89 NY2d 1088; *People v Smith*, 208 AD2d 455, *lv denied* 84 NY2d 1039; *People v Robinson*, 191 AD2d 523, *lv denied* 81 NY2d 1018).

In this case, the record reflects that a *Sandoval* hearing was conducted in open court prior to trial, before the prospective jurors entered the courtroom. Defendant was present in the courtroom with his attorney. At defense counsel's request, both defense counsel and the prosecutor "approached the bench," where the hearing was held off the record. At the conclusion of the hearing, the court announced its decision on the record. Although defendant did not approach the bench with his attorney, there is no indication in the record whether defendant took part in the hearing, nor does the record indicate whether defendant was able to hear what transpired at the bench. On appeal, defendant contends only that the record fails to show his presence at the bench where the hearing was held. There is therefore no need for a reconstruction hearing in this case (*see*

*People v Torres*, 267 AD2d 261, 261-262, *lv denied* 94 NY2d 885; *see also People v Mack*, 293 AD2d 762, *lv denied* 98 NY2d 699). If defendant wishes to develop a further record, his remedy is a motion pursuant to CPL 440.10. Present—Green, J.P., Wisner, Hurlbutt, Burns and Gorski, JJ.