◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMON PERINE, Also Known as DAMON PERNE, Appellant. [770 NYS2d 654]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lewis, J.), rendered September 8, 2000, convicting him of robbery in the first degree, criminal possession of a weapon in the fourth degree, and menacing in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A criminal defendant has a constitutional and statutory right to be present at all material stages of the trial (*see* CPL 260.20; *People v Mitchell,* 80 NY2d 519 [1992]; *People v Antommarchi,* 80 NY2d 247, 250 [1992]; *People v Underwood,* 201 AD2d 597 [1994]), and questioning during the impaneling of the jury may constitute a material stage of the trial (*see People v Antommarchi, supra* at 250; *People v Sloan,* 79 NY2d 386 [1992]). A

defendant, however, may waive the right to be present (see *People v Velasquez,* 298 AD2d 608 [2002], *affd* 1 NY3d 44 [2003]), provided that the waiver is made knowingly, voluntarily, and intelligently (see *People v Underwood, supra*). The fact that the defendant expresses his or her choice through counsel does not render the waiver invalid (see *People v Womack,* 292 AD2d 402, 403 [2002]; *People v Broadwater,* 248 AD2d 719, 720 [1998]; *People v Smallwood,* 225 AD2d 713 [1996]).

Under the facts of this case, where the defense counsel represented to the Supreme Court that he discussed the *Antommarchi* rules (see *People v Antommarchi, supra*) with the defendant, and that the defendant indicated to counsel that "[h]e doesn't wish to be present," the waiver was valid (see *People v Underwood, supra* at 597-598). Altman, J.P., Cozier, Mastro and Rivera, JJ., concur.