■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM NOEL, Also Known as EDWARD NOEL, Appellant. [781 NYS2d 915]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered February 2, 2001, convicting him of burglary in the second degree (three counts), petit larceny (three counts), criminal possession of stolen property in the fifth degree (four counts), and criminal contempt in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The County Court did not improperly delegate judicial authority or deprive the defendant of his right to be present at all material stages of the trial when it directed the court clerk to ask the jury to submit a note clarifying which witnesses' testimony it wished to have read back (*see People v Bonaparte,* 78 NY2d 26 [1991]; *People v Ramos,* 287 AD2d 305 [2001]; *People v Smith,* 238 AD2d 127, 128 [1997]; *People v Buxton,* 192 AD2d 289 [1993]). The clerk's communication with the jury was purely ministerial in nature and did not constitute "information" or "instruction" within the meaning of CPL 310.30 (*see People v Lykes,* 81 NY2d 767, 770 [1993]; *People v Ming Yuen,* 222 AD2d 613, 614 [1995]). We note, however, that it would have been preferable for the County Court to have made this inquiry of the jury itself.

The defendant's remaining contentions, including those raised in his supplemental pro se brief, either are unpreserved for ap-

pellate review or without merit. H. Miller, J.P., S. Miller, Cozier and Spolzino, JJ., concur.