■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN JOHNSON, Also Known as TODD BRUNSON, Appellant. [787 NYS2d 370]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (McKay, J.), rendered March 29, 2001, convicting him of burglary in the second degree, possession of burglar's tools, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The prosecutor's references during the closing statement regarding the indictment did not prejudice the defendant in light of the overwhelming evidence of the defendant's guilt and the trial court's instructions to the jury which served to cure any alleged prejudice (*see People v Galloway,* 54 NY2d 396 [1981]; *People v Logan,* 221 AD2d 662 [1995]; *People v Sanders,* 213 AD2d 432 [1995]).

The Supreme Court adjudicated the defendant a persistent vi-

olent felony offender and sentenced him to an indeterminate prison term of 16 years to life for his conviction of burglary in the second degree, pursuant to Penal Law § 70.08 and CPL 400.16. The defendant contends that the enhanced sentence violated his constitutional right to have a trial by jury to establish the facts of his prior felony convictions.

The defendant's contention is unpreserved for appellate review, as he failed to object to the predicate felony statement or the constitutionality of his prior convictions (*see People v Rosen,* 96 NY2d 329 [2001]). In any event, the defendant's contention is without merit. The defendant's sentence was enhanced solely based upon his recidivism. Thus, he was not entitled to a jury trial to determine the facts of his prior felony convictions (*see People v Reddick,* 1 AD3d 385 [2003]; *People v Lebron,* 293 AD2d 689 [2002]; *People v Rice,* 285 AD2d 617 [2001]).

The defendant's remaining contentions either are unpreserved for appellate review (*see* CPL 470.05 [2]) or without merit. Florio, J.P., Adams, Cozier and Mastro, JJ., concur.