# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**74**

**KA 09-01202**

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

CYRESS JONES, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (JOHN PATRICK FEROLETO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered May 27, 2009. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree (two counts), robbery in the first degree and robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of two counts of burglary in the first degree (Penal Law § 140.30 [2], [4]) and one count each of robbery in the first degree (§ 160.15 [4]) and robbery in the second degree (§ 160.10 [2] [a]), defendant contends that Supreme Court failed to comply with CPL 310.30 in responding to three notes from the jury during its deliberation. Defendant failed to preserve for our review his contention with respect to the second and third jury notes. We conclude that the court provided defense counsel with notice of the content thereof and with the substance of the court's intended response (*cf. People v Cook*, 85 NY2d 928, 931), and defendant failed to object at that time (*see People v Starling*, 85 NY2d 509, 516; *People v Cooley*, 48 AD3d 1091, *lv denied* 10 NY3d 861; *see also People v DeRosario*, 81 NY2d 801, 803). Contrary to defendant's contention, the court was not required to read the contents of those notes verbatim into the record (*see generally People v Kadarko*, 14 NY3d 426, 428-429). We conclude that defendant waived his contention with respect to the first jury note by consenting to allow the court to respond to requests for exhibits without consulting the attorneys (*see People v Ming Yuen*, 222 AD2d 613, *lv denied* 88 NY2d 851). In any event, that contention is without merit (*see id.*).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we

reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Entered:  March 25, 2011

Patricia L. Morgan
Clerk of the Court