People v Almonte (2019 NY Slip Op 02622)





People v Almonte


2019 NY Slip Op 02622


Decided on April 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2019

Sweeny, J.P., Manzanet-Daniels, Kern, Oing, Singh, JJ.


8897 1076/15

[*1]The People of the State of New York, Respondent,
v
Joel Almonte, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Rachel L. Pecker of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura A. Ward, J. at alibi preclusion; Arlene D. Goldberg, J. at jury trial and sentencing), rendered September 10, 2015, convicting defendant of two counts of assault in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 15 years, unanimously affirmed.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (People v Danielson, 9 NY3d 342, 348-349 [2007]). Moreover, we find the evidence to be overwhelming. There is no basis to disturb the jury's credibility determinations. Although there was no direct evidence linking defendant to the crime, the circumstantial evidence, including testimony about defendant's location, activity and attire minutes before the assault, permits no reasonable inference except that defendant was the assailant depicted in a videotape slashing the victim's face (see People v Thompson, 6 AD3d 319 [1st Dept 2004], lv denied 3 NY3d 649 [2004]). Defendant's challenge to the proof of disfigurement required for one of his assault convictions (see Penal Law § 120.10[2]) is unavailing. The evidence adduced at trial established that there was only a six month lapse between injury and trial and included uncontroverted medical testimony that the victim suffered a severe and permanent disfiguring laceration that penetrated three layers of skin and required 100 stitches to close. Although the victim did not testify, photographs and expert testimony supported the conclusion that she remained seriously disfigured (see generally People v McKinnon, 15 NY3d 311, 316 [2010]).
Defendant did not preserve his argument that he was constitutionally entitled to present alibi testimony notwithstanding his failure to file a timely and sufficient alibi notice under CPL 250.20 (see People v Brown, 306 AD2d 12 [1st Dept 2003], lv denied 100 NY2d 592 [2003]), and we decline to review it in the interest of justice. As an alternative holding, we find that although the notice was untimely, as well as being defective in that it only stated the location of the alibi (defendant's residence) without naming any witnesses, preclusion was improper because the record does not support a finding of willfulness (see Taylor v Illinois, 484 US 400, 414-415 [1988]). Nevertheless, we find that the error was harmless (see People v Crimmins, 36 NY2d 230, 237 [1975]). As noted, the proof of identity was overwhelming, and defendant never named any alibi witnesses or provided any details of any potential testimony. Accordingly, there is nothing to indicate that alibi testimony would have had any possibility of affecting the verdict.
Defendant's claim that his counsel rendered ineffective assistance by failing to file a timely and proper alibi notice is unreviewable on direct appeal because, as noted, it involves matters outside the record relating to the existence and value of any potential alibi testimony. [*2]Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal (see People v Alvarez, 223 AD2d 401 [1st Dept 1994], lv denied 88 NY2d 980 [1996]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 4, 2019
CLERK