JANETTE BERNUCCI, as Administratrix, etc., of JOHN JULIAN BERNUCCI, Deceased, Plaintiff, *v.* MARFRE HOLDING CORPORATION and THOMAS SHANNON, Defendants.

Supreme Court, Trial Term, New York County, August 2, 1939.

*Arthur D. Liva* [*Kaner & Kaner* of counsel], for the plaintiff.

*Benjamin Shiverts,* for defendant Marfre Holding Corporation.

*Abram Noel Span,* for defendant Shannon.

BERNSTEIN, J. There is convincing proof that the plaintiff's intestate met his death as a result of his attempt to escape the

fire in the premises owned by the defendant Marfre Holding Corporation and leased to and operated as a lodging house by the defendant Shannon. Faced with an emergency, his jumping from his second-floor room to the street below was an instinctive choice of hazards which represented the exercise of his best judgment, and which cannot be deemed contributory negligence, even if he erred in his choice. (*Lowery* v. *Manhattan Ry. Co.*, 99 N. Y. 158; *Kolanka* v. *Erie R. R. Co.*, 215 App. Div. 82; *Van Dusen* v. *State of New York*, 112 Misc. 15.) The only other question is whether the responsibility for the death may be placed at the door of either or both of the defendants.

The building in question was a class B converted multiple dwelling within the definition of the Multiple Dwelling Law, and the action was predicated on the violation by the defendants of the statutory duty imposed upon them by that law. The proof established that some time prior to April 2, 1938, the date of the fire, orders had been issued by the department of housing and building of the city of New York, directing the application of fire-retarding materials and the installation of fireproof equipment to the building, that violations for non-compliance with these orders were filed against the premises on April 10, 1937, and copies thereof were served on this owner on April 13, 1937, and on the lessee on February 10, 1938. Concededly nothing was done to comply with these orders. Moreover, two high-ranking officials of the fire department who were at the scene of the fire within a few minutes after its start were emphatic in their declarations that the application of the fire-retarding materials to the cellar would alone have confined the fire to the cellar or at least retarded it for a time sufficiently long to have enabled the decedent to have used the stairways to the safety of the street.

The statute was intended for the protection of the life and property of the occupants of the building, and its breach created a liability *per se* in favor of those injured thereby. (*Amberg* v. *Kinley*, 214 N. Y. 531; *Racine* v. *Morris*, 201 id. 240.) That liability attaches to the owner of the property. (*Altz* v. *Leiberson*, 233 N. Y. 16; *Weiner* v. *Leroco Realty Corp.*, 279 id. 127.)

The recent decision of the Appellate Division, First Department (*Matter of Lyons* v. *Prince*, 257 App. Div. 202), cited by the defendant-owner, has no application to this case. It involved structural changes in a class B multiple dwelling ordered by the deputy commissioner of the department of housing and building in the exercise of his discretion, which the court said that he had no power to order. In this case the building was a class B *converted* multiple dwelling where the changes ordered, even if structural, were all changes

expressly required by specific provisions of the law. (Multiple Dwelling Law, art. 6, §§ 185, 187, 189 and 190.) The changes ordered on the defendant owner's building were changes ordered by the Legislature and not by the department which was merely charged with the duty of enforcement.

Since the action is based on the breach of a statutory and not a common-law duty, there appears to be no liability here on the defendant Shannon. (*Sullivan* v. *New York United Realty Co.*, 250 App. Div. 286.)

In view of the age and situation of the decedent and his relationship with and obligations to his survivors, the pecuniary loss to the plaintiff will be fixed at the sum of $2,750, for which the plaintiff may have judgment against the defendant Marfre Holding Corporation. Complaint dismissed as against the defendant Shannon.