EUGENE GIBSON, as Administrator of the Estate of WILLIAM GIBSON, Deceased, Plaintiff, *v.* TRAVELERS INSURANCE COMPANY et al., Defendants.

Supreme Court, Special Term, New York County, September 22, 1944.

*William T. Andrews* for Mabel L. Gibson, defendant.

*Sigmund Sessler* for plaintiff.

NULL, J. The plaintiff is the administrator of the estate of his brother, William H. Gibson, who died on March 18, 1944. At the time of his death, there were in effect two insurance policies, upon the life of the deceased, issued by the defendant insurance companies. The designated beneficiary in both policies was stated as " Mabel L. Gibson, wife." The deceased, however, was unmarried and Mabel L. Gibson, named as a defendant in this action, was not his wife.

The proceeds of the insurance policies have been placed on deposit to be disposed of in accordance with the direction of the court. As a consequence, the action has been limited to the determination of the respective claims of the administrator and the named beneficiary, to the amount on deposit.

It is unnecessary to give more than passing consideration to the relationship which it is alleged existed between the defendant Mabel L. Gibson and the decedent during his lifetime. The essential facts are uncontroverted and although the background and details of that relationship are in dispute, it is patent that the deceased and the defendant Mabel L. Gibson were not husband and wife. No relevant factual issues are present and the question to be determined is one of law.

Plaintiff makes no charge of fraud or undue influence. Nor does he raise any question as to the identity of the named beneficiary. It is not contended that the Mabel L. Gibson, whom the plaintiff has sued as a defendant in this action, is not the Mabel L. Gibson named by the deceased in the insurance policies. It is not disputed that she is the particular person intended by the insured to be the recipient of the benefits to be derived from the insurance policies. The claim of the plaintiff rests upon the theory that since the defendant Mabel L. Gibson was not and is not the wife of the insured, she has no valid right to the benefits of the policies. In substance, it is the position of the plaintiff that having erroneously or improperly described the legal relationship between the deceased and the beneficiary named by him, the insured, in effect, has designated

no beneficiary at all. Put in another way, it is an assertion that having been called the wife of the insured, when in fact she was not, the named beneficiary has forfeited all claim to the benefits intended for her.

It was the deceased who effected the insurance upon his own life. Accordingly, he could have designated any beneficiary he desired without regard to relationship or consanguinity. No question of insurable interest is applicable to the circumstances in this case (Insurance Law, § 146). The use of the term " wife " in connection with the defendant Mabel L. Gibson was merely descriptive of the relationship which the assured assumed or believed existed between him and the beneficiary. Other considerations might have been pertinent had the deceased been married and had he left surviving him a person to whom he had been lawfully married. He had no wife, however, and the effect of the misdescription of the status of the beneficiary serves only to emphasize the identity of the person whom he intended to benefit. That the named beneficiary was not the lawful wife of the insured will not alter the basic fact that she was the person to whom he intended that the proceeds of the policies should be paid. (*Guardian Nat. Life Ins. Co.* v. *Eddens,* 144 Neb. 339.)

There are no triable issues of fact indicated by the papers submitted on this motion. The motion is granted directing summary judgment to be entered in favor of the defendant Mabel L. Gibson.