Margaret Mary J. Mangan, J.
Motion by plaintiff for summary judgment. The interpleaded defendant does not dispute the identity of the plaintiff being the designated beneficiary named “ Mary Hunt, Wife ” on the policy of life insurance issued by the defendant association. His contention is that she is not and never was the wife of his decedent brother, the insured and that she had no insurable interest. The term “wife” is merely descriptive and does not affect her right to receive the insurance benefits of the policy. (Gibson v. Travelers Ins. Co., 183 Misc. 678.) The documentary proof shows the application for the policy to have been signed by the deceased insured. There is no issue of insurable interest on the part of the plaintiff since the insured had the right to designate any beneficiary of his choice. (Insurance Law, § 146.) In 1954 by statutory amendment (L. 1954, ch. 561, eff. Sept. 1) the procedure in interpleader was substantially revised and a stakeholder thereunder may require claimants to litigate their adverse claims in one action with the stakeholder. The original action herein is one brought by the plaintiff as a third- *831 party beneficiary on a contract of insurance and the defendant insurance association, while disputing liability on the ground of fraud in the making of the application regarding the health of the insured, used as provided for by the amendment the remedial procedure of defensive interpleader (Civ. Prac. Act, § 285, subd. 3) to join the plaintiff and decedent’s brother as adverse claimants in the action. Under rule 113 of the Rules of Civil Practice, summary judgment may be directed to cross claims and is applicable to the cause of action herein. The action is one to recover upon a contract and the interpleader did not make it an action in equity, which would deprive the plaintiff of her right to move for summary judgment (Pass v. Kramer, No. 48, Municipal Court, April, 1954, App. Term, First Dept.; Negba Sandwich Shoppe v. Jay-Nov Luncheonette, No. 54, Municipal Court, Feb., 1953, App. Term, First Dept.; New York Life Ins. Co. v. Blake, 143 N. Y. S. 2d 458; Bernucci v. Marfre Holding Corp., 171 Misc. 997). Motion herein properly lies within rule 113 and since the affidavits disclose no triable issues between the interpleaded defendant and the plaintiff, motion for summary judgment is granted.