COLUMBIAN MUTUAL LIFE INSURANCE COMPANY, Plaintiff, *v.* EDWARD DAVIS et al., Defendants.

Supreme Court, Special Term, New York County, May 7, 1962.

*Gould & Wilkie* for plaintiff. *Shultz & Garber* for Stella Davis, defendant. *Bierman, Kaiser & Hirsch* for Edward Davis and another, defendants.

NATHANIEL T. HELMAN, J. This is a motion by plaintiff insurance company, in an action of interpleader, to deposit the balance of proceeds of insurance with the City Treasurer or such other person as the court may adjudge entitled thereto, and, subject to such payment being made, to discharge plaintiff from all liability to the defendants. A cross motion is made on behalf of the named beneficiaries in the insurance policy, for judgment on the pleadings or summary judgment for such balance of the proceeds.

An insurance policy was issued to deceased Charles Edward Davis in the face amount of $5,000 on March 10, 1961. Under the policy, plaintiff agreed to pay all moneys payable under said policy at the death of the insured, to " Mary Davis, wife, and Edward Davis, son, David Davis, son, Alicia Davis, daughter, and Antoinette Davis, daughter, or the survivors, equally, or the survivor." The said persons were so described in the deceased's application, dated February 18, 1961. He died on May 24, 1961. The aforesaid policy of insurance and due proof of the death of the insured were sent to plaintiff by attorneys representing the named beneficiaries defendants with a demand for payment of the proceeds of said policy. Plaintiff thereafter paid $1,000 to Mary Davis, but refused to pay the balance of $4,000 to the named infant beneficiaries and defendants herein, Edward Davis, David Davis, Alicia Davis and Antoinette Davis, until a legal guardian had been appointed for said infant beneficiaries.

Some time later, plaintiff received communications from attorneys representing defendant Stella Davis to the effect that the named beneficiaries defendants were not the wife and children of the deceased and demanding that the proceeds of the policy of insurance be paid to Stella Davis as the legal wife of deceased. The latter alleges her marriage to deceased in 1936 and claims status as his lawful wife at the time of his death. She asserts that the deceased left her from time to time for other women, including defendant Mary Davis, and that the children herein are not his. She adds that prior to his death the deceased told her he intended to change the beneficiary in favor of deceased's mother and herself. In response, Mary Davis submits supporting affidavits showing they were held out to the public as husband and wife.

However, Stella Davis has failed to demonstrate facts sufficient to defeat the deceased's personal designation of the named beneficiaries in the policy. There is no provision in the policy restricting or limiting deceased's right to designate any person

or persons he desires as his beneficiary other than the usual requirement that any change of beneficiary shall be subject to any action taken or payment made by the company prior to the receipt of the request.

Section 161 of the Insurance Law provides in part: " The benefits payable under any such policy shall be payable to the beneficiary or beneficiaries designated by the insured ". (Insurance Law, § 161, subd. 1, par. d.)

Even assuming that the named beneficiaries are not related to the deceased, as they are described, there is no statute or public policy that prevents them from being designated as deceased's beneficiaries (Insurance Law, §§ 146, 161, subd. 1, par. d; *Northeastern Life Ins. Co. of N. Y.* v. *Leach,* 213 N. Y. S. 2d 357; *Tepper* v. *New York Life Ins. Co.,* 89 Misc. 224; *Bogart* v. *Thompson,* 24 Misc. 581). The deceased was free to insure his life for the benefit of the named beneficiaries even though there was no marriage, and the children were not his (*Ruoff* v. *John Hancock Mut. Life Ins. Co.,* 86 App. Div. 447; *Olmstead* v. *Keyes,* 85 N. Y. 593). That beneficiaries may be misdescribed, as respects relationships, in the policy does not result in the designation of no beneficiary so as to disregard the intent of the assured (*Northeastern Life Ins. Co. of N. Y.* v. *Leach, supra*; *Gibson* v. *Travelers Ins. Co.,* 183 Misc. 678; *Hunt* v. *Unity Life & Acc. Ins. Assn.,* 7 Misc 2d 830; *Vance, Insurance* [3d ed.], § 92, p. 553).

The documentary proof fully identifies the persons selected by deceased as his named beneficiaries and clearly demonstrates his intention that they receive the proceeds of the policy on his death.

No factual issue has been shown sufficient to deny the named beneficiaries defendants the proceeds of the policy, and the defendants, Mary Davis, Edward Davis, David Davis, Alicia Davis and Antoinette Davis are entitled to summary judgment in their favor. Plaintiff is also entitled to the relief which it seeks as provided in section 285 of the Civil Practice Act.

Accordingly, the judgment to be entered hereon shall provide for the payment of the balance of the proceeds, $4,000, to Mary Davis as guardian of the property of Edward Davis, David Davis, Alicia Davis and Antoinette Davis, each of whom shall be entitled to $1,000 out of said sum, and plaintiff shall be discharged from liability to defendants upon such payment of the proceeds of the policy.