Matthew J. Jasen, J.
This is a motion by plaintiff for summary judgment.
An insurance policy was issued to deceased Anna M. Corder in the amount of $5,000 on April 27,1960. The beneficiaries listed in said policy were Wesley D. Corder, husband of the insured, if living, otherwise Willa Eakman, mother of the insured. On April 15, 1963 the named insured died. Subsequently, the plaintiff brought action to collect said proceeds from the insurance company who in turn interpleaded Willa Eakman as administratrix of the estate of Anna M. Corder. The administratrix answered the complaint herein and interposed a counterclaim that the proceeds of the insurance policy in question be paid to her. Pursuant to subdivision (f) of section 1006 of the Civil Practice Law and Eules, this court on December 30, 1963 permitted the insurance company to deposit the proceeds of *424 said policy with the Treasurer of the County of Erie, to be disposed of in accordance with the direction of this court.
Consequently this motion is limited to the determination of the respective claims of the named beneficiary and the administratrix of the deceased.
It is the contention of the plaintiff that he is the named beneficiary and therefore entitled to the proceeds.
The mother administratrix in opposing this motion proceeds upon two theories. First, by reason of fraud of the plaintiff the proceeds of the policy belong to the estate of the insured, and secondly, that plaintiff was not the husband of the insured and that therefore the insurance contract is void by virtue of the deceased’s breach of warranty in representing him as her husband.
As to the contention of fraud, the administratrix fails to set forth any evidentiary facts sufficient to raise a question of fact.
The remaining argument of the administratrix is that inasmuch as the plaintiff was not the husband of the insured he has no insurable interest and therefore no valid right to the benefits under the policy.
It is conceded that the Wesley D. Corder, who brings this action is the Wesley D. Corder named as beneficiary by the deceased in the insurance policy, and that he is the particular person intended by the insured to be the beneficiary of said proceeds.
Where the deceased effects the insurance upon her own life, it is well-established law that she can designate any beneficiary she desires without regard to relationship or consanguinity.
Section 146 of the Insurance Law provides in part that: “ 1. Any person of lawful age may on his own initiative procure or effect a contract of insurance upon his own person for the benefit of any person ” (emphasis supplied). (See, also, Gibson v. Travelers Ins. Co., 183 Misc. 678; Northeastern Life Ins. Co. of N. Y. v. Leach, 213 N. Y. S. 2d 357; Bogart v. Thompson, 24 Misc. 581; Columbian Mut. Life Ins. Co. v. Davis, 35 Misc 2d 26; Tepper v. New York Life Ins. Co., 89 Misc. 224; Hunt v. Unity Life & Acc. Ins. Co., 7 Misc 2d 830; Ruoff v. John Hancock Mut. Life Ins. Co., 86 App. Div. 447; Ann. 173 A. L. R. 716, 720; Olmsted v. Keyesy 85 N. Y. 593.)
Since the undisputed proof shows that the application for the policy was made by the insured deceased, there is no issue of insurable interest on the part of the plaintiff.
The use of the term ‘ ‘ husband ” in this connection, was merely descriptive of the relationship which the assured claimed existed between her and the beneficiary. Even though the *425 named beneficiary was not actually the insured’s husband, it does not alter the basic fact that the plaintiff is the person to whom the deceased had intended that the proceeds of the policy be paid. (See Northeastern Life Ins. Co. of N. Y. v. Leach, supra; Gibson v. Travelers Ins. Co., supra; Columbian Mut. Life Ins. Co. v. Davis, supra-, Hunt v. Unity Life & Acc. Ins. Co., supra; Ann. 60 A. L. R. 977; Vance, Insurance [3d ed.], p. 553.) For the reason stated, motion for summary judgment granted.