Benjamin Brenner, J.
Plaintiff, the legal wife of decedent, moves for summary judgment in an action against the defendant, a woman who lived with decedent for several years prior to and at the time of his death. Defendant cross-moves to dismiss the complaint for failure to state a cause of action and for other relief.
The complaint contains four causes of action. The first and second allege that, as decedent’s wife, plaintiff was the proper beneficiary of life insurance policies, the proceeds of which were fraudulently obtained by defendant, who represented herself to be decedent’s wife. The third alleges that, in obtaining said insurance proceeds and social security benefits for her child by the decedent and claiming to be decedent’s wife, the defendant pursued a course of conduct intentionally inflicting harm upon plaintiff. The fourth alleges that defendant’s conduct in holding herself out as decedent’s wife defamed the plaintiff.
Since both sides have submitted affidavits, the issues presented upon defendant’s cross motion to dismiss the complaint for failure to state a cause of action may also be treated as a motion for summary judgment under CPLB, 3211 (subd. [c]).
I agree that the first two causes, as stated in the reply affirmation of plaintiff’s attorney, “ sound in the torts of fraud and misrepresentation. ” One of the essential elements of such a cause is reliance by the injured party on the misrepresentation, an element completely lacking here (Sager v. Friedman, 270 N.Y. 472 [1936]; Miller v. Livingstone, 25 A D 2d 106 [1st Dept., 1966], affd. 18 N Y 2d 967 [1966]; Allied Financial Corp. v. Duo Factors, 26 A D 2d 538 [1st Dept., 1966]). There is, moreover, no privity or fiduciary relationship between the parties, so that defendant would not be liable to plaintiff even if she had falsely induced the insurance company to pay the proceeds of the policy (Steinberg v. Guild, 23 A D 2d 750 [1st Dept., 1965]).
Another essential element in a cause for fraud, absent here, is that of damages. In Corder v. Prudential Ins. Co. (42 Misc 2d 423 [Sup. Ct., Erie County, 1964]) the decedent’s administratrix contended that plaintiff was guilty of fraud and that since he was not the legal spouse of decedent, had no valid *786 right to the policy proceeds. The court (Jasen, J.), finding no proof of fraud on the part of the designated beneficiary, said that under section 146 of the Insurance Law the beneficiary may be any person at all and that even though decedent erroneously described plaintiff as her “ husband, ” plaintiff was still entitled to recover; citing, inter alia, Columbian Mut. Life Ins. Co. v. Davis (35 Misc 2d 26 [Sup. Ct., N. Y. County, 1962] and Northeastern Life Ins. Co. of N. Y. v. Leach, 213 N. Y. S. 2d 357 [Sup. Ct., Kings County, 1961]). In the latter cases paramours were designated beneficiaries and were held entitled to recover the proceeds of the policies, although erroneously designated as spouses. Also, in Northeastern, the conflicting claims were made, as here, by the paramour and the legal wife. I must conclude, therefore, that since plaintiff has failed to show any legal right to the proceeds of the policies, she has not been damaged in any way by the alleged fraud of defendant.
The fourth cause of action, sounding in defamation, is untenable for the reasons that: (1) No allegedly defamatory words are set forth (CPLR 3016, subd. [a]); (2) the specific facts of publication thereof, assuming the words to be defamatory, are not sufficiently shown in either the complaint or plaintiff’s affidavit (Seltzer v. Fields, 20 A D 2d 60, affd. 14 N Y 2d 624 [1964]); and (3) there is nothing in the affidavit to connect the allegedly defamatory statements to the person of the plaintiff, other than by reference to decedent’s relatives, who were aware of the true marital status of the parties.
The only plausible cause remaining is the third which, in effect, alleges prima facie tort in that defendant intentionally inflicted harm upon plaintiff by holding herself out as decedent’s wife to members of his family and to the public at large, and by applying for the insurance proceeds and social security benefits. Obviously defendant had a perfect right to seek such benefits, bespeaking an intent to personally profit thereby, though such profit would not necessarily result in corresponding harm to the plaintiff, who had not established her right to those benefits. But neither this imagined harm nor the harm resulting from the decedent’s behavior toward the estranged wife, induced by the rivalry, spells out sole motivation of ill will and malice necessary to sustain prima facie tort. Naturally an estranged wife and a paramour hardly see eye to eye and whatever affection either may have for the man in the piece, there is no love lost as between themselves. And, for better or worse, society seems less and less inclined to stigmatize the estranged wife while continuing to castigate the unwed mother. *787 For such a paramour, particularly one who hears a child with a man still married to another, there is generally little pride in the relationship, rather a striving for legitimacy for both herself and the offspring. What is involved, in falsely holding oneself out as wife, are mingled feelings related more to guilt than to malice. In doing so, the defendant committed no unlawful act or one which, in and of itself, may be characterized as infliction of intentional harm. A lawful act may become actionable if done solely out of malice and ill will to injure another (Al Raschid v. News Syndicate Co., 265 N. Y. 1 [1934]). To put it another way, if the act be accompanied by self interest, it is not actionable if otherwise lawful (Spivak v. Delma Studios, 15 Misc 2d 760). Plaintiff has simply established justification for defendant’s conduct rather than sole motivation to harm her and if there be justification, even if it be mixed with malevolent motives, then prima facie tort does not lie (Beardsley v. Kilmer, 236 N. Y. 80; Reinforce, Inc. v. Birney, 308 N. Y. 164; Clark v. Geraci, 29 Misc 2d 791, 794-795).
Summary judgment is accordingly denied to plaintiff and granted to the defendant, dismissing the complaint.