■ INGRID WIEGAND et al., Appellants, v JOSEPH BERGER,

Respondent, et al., Defendant.—Order, Supreme Court, New York County (Stanley L. Sklar, J.), entered May 11, 1988, which denied plaintiffs' motion pursuant to CPLR 3211 (b) to strike the affirmative defense of the Statute of Limitations asserted in the answer of defendant Joseph Berger, M.D., unanimously reversed, on the law, and plaintiffs' motion granted, with costs.

On July 9, 1980, Ingrid Wiegand underwent pelvic surgery by Dr. Berger, a specialist in the field of obstetrics and gynecology, at Beth Israel Medical Center. Following her discharge from the hospital, Mrs. Wiegand continued under the care of Dr. Berger until 1982. She complained, on a continuing basis, of discomfort in the area of the surgery and was assured by Dr. Berger that her complaints of pain were a normal postoperative experience. Over the next several years, plaintiff continued to have complaints of pain relating to the area of the surgery and was seen and examined by at least one gynecologist, Dr. Liebert, prior to January 1986, when she came under the care of Dr. Richard Ignatius. Initially, Dr. Ignatius was of the opinion that plaintiff's complaints of pain were attributable to her being premenopausal. In June 1986, however, as the result of a pelvic examination, Dr. Ignatius detected a growth and in July, plaintiff was admitted to Englewood Hospital. The preoperative diagnosis was a cervical fibroid but, during surgery performed on July 18, 1986, "the fibroid was palpated and was found to be no more than a fibrotic granuloma with parts of old surgical needle from a previous operation, perhaps five-seven years ago, still remaining in situ in scar tissue."

Since it is uncontested that this action was commenced in April 1987, within one year of the discovery of the needle, plaintiffs' motion to dismiss the affirmative defense of Statute of Limitations should have been granted. CPLR 214-a provides that where a medical malpractice action is based upon the discovery of a foreign body in the body of the patient, the action may be commenced within one year of the date of such discovery or of the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier.

Unlike *Cooper v Edinbergh* (75 AD2d 757), where the patient, despite a grotesque lump the size of an orange which developed after a 1961 appendectomy, did not consult a physician for almost 13 years at which time suppuration at the site and a protruding wire suture were found, here, on the facts presented on her motion to dismiss the affirmative defense, plaintiff made timely medical inquiry and could not reason-

ably have discovered the presence of the broken needle in her body prior to the surgery in July 1986. Concur—Kupferman, J. P., Ross, Milonas, Wallach and Rubin, JJ.