■ Robert A. Morris, Jr., as Administrator of the Estate of Lori K. Morris, Deceased, Appellant, v Philip C. Clements et al., Respondents. [644 NYS2d 850] —Yesawich Jr., J.

Plaintiff, as administrator of the estate of his deceased spouse, Lori K. Morris, commenced this medical malpractice action seeking damages for, *inter alia*, Morris' wrongful death which occurred six days after the birth of her second child. After issue was joined, defendants served upon plaintiff a demand for disclosure regarding the expert witnesses who would testify on plaintiff's behalf. Following their receipt of plaintiff's responses, defendants made a motion to compel plaintiff to submit more specific information regarding his expert witnesses' medical school attendance, internships and residencies, participation in fellowship programs and jurisdictions of licensure. Supreme Court granted the motion while denying a

motion made by plaintiff to compel defendants to submit copies of their malpractice insurance policies disclosing the amount of their premium payments. Plaintiff appeals.

We affirm. Pursuant to CPLR 3101 (d) (1) (i) (as amended by L 1985, ch 294, § 4), a party responding to a request for information about expert witnesses in the context of a medical malpractice action, "may omit the names of medical * * * experts but shall be required to disclose all other information concerning such experts", including his or her professional qualifications. With the exception of their names, virtually all information regarding expert witnesses and their anticipated testimony is discoverable under CPLR 3101 (d) (1) (i), unless "the request is so detailed that disclosure would have the net effect of disclosing the experts' identities" (*Pizzi v Muccia*, 127 AD2d 338, 340; *see, Jasopersaud v Tao Gyoun Rho*, 169 AD2d 184, 188). To avoid an order directing such disclosure, a party must move for a protective order and to succeed thereon, the movant must shoulder the burden of demonstrating that the information sought is immune from disclosure.

Plaintiff has failed to make such a showing here, having failed even to submit the disputed information for Supreme Court's in camera review (*cf., Carrasquillo v Rosencrans*, 208 AD2d 488; *McCarty v Community Hosp.*, 203 AD2d 432, 433). Hence, plaintiff was correctly ordered to disclose the requested information regarding his expert witnesses.

We also affirm Supreme Court's denial of plaintiff's demand for unredacted copies of defendants' medical malpractice insurance policies. Defendants have satisfied the requirements of CPLR 3101 (f) by submitting copies of their policies, with only the amount of premium payments redacted.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the order is affirmed, with costs.