■ KATHERINE AIKEN, as Administratrix of the Estate of SAMUEL L. AIKEN, Deceased, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Defendant. [673 NYS2d 14] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered on or about July 8, 1997, denying defendant New York City Housing Authority's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Defendant Housing Authority's motion was properly denied since there are factual issues as to whether the decedent's injuries and ensuing death are attributable, at least in substantial part, to the alleged failure of the Housing Authority to maintain properly an interior bedroom door in the decedent's apartment; the door allegedly did not have a doorknob and jammed when it closed and, according to plaintiff, on the occasion of decedent's fatal injury, jammed shut trapping the decedent in a burning room. Concomitantly, it cannot be said at this juncture that the setting of the fire in the apartment by decedent's 5-year-old daughter was the superseding cause of decedent's harm as a matter of law (*see, Kush v City of Buffalo*, 59 NY2d 26, 32-33). Nor can it be said that decedent's conduct in remaining in the bedroom to fight

the fire was a superseding cause of his injuries and eventual demise relieving defendant Housing Authority of all responsibility for the negligence alleged against it (see, Bernucci v Marfre Holding Corp., 171 Misc 997).

We have considered appellant's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Williams and Tom, JJ.