■ PATRICIA GUSHLAW, Individually and as Executor of CECIL J. GUSHLAW, Deceased, Respondent, v KENNETH S. ROLL, Appellant. [735 NYS2d 667] —Crew III, J. Appeals (1) from an order of the Supreme Court (Connor, J.), entered September 5, 2000 in Columbia County, which, inter alia, granted plaintiff's motion to preclude expert testimony, (2) from an order of said court, entered September 5, 2000 in Columbia County, which denied defendant's motion for recusal, (3) from a judgment of said court, entered October 16, 2000 in Columbia County, upon a verdict rendered in favor of plaintiff, and (4) from an order of said court, entered January 22, 2001 in Columbia County, which denied defendant's motion to set aside the jury verdict.

On January 23, 1995 defendant, a maxillofacial surgeon, extracted the lower right wisdom tooth and molar of Cecil J. Gushlaw (hereinafter decedent). Immediately following the surgery, decedent experienced pain in his jaw, neck and left

---

2. (*Matter of Initial Cleaning,* 1999 WL 634871, 1999 NYWCLR [LRP] LEXIS 155 [Workers' Compensation Bd., June 21, 1999].)

shoulder, as the result of which he ultimately underwent surgery for the removal of two herniated cervical discs. Consequently, decedent and plaintiff, his wife, commenced this dental malpractice action, during the course of which decedent died from unrelated causes. Following a jury trial, a verdict was rendered in favor of plaintiff, and defendant appeals from the judgment rendered thereon and the orders denying his motions for recusal and to set aside the verdict, as well as from the order granting plaintiff's motion to preclude.*

Defendant initially asserts that Supreme Court erred in submitting a charge to the jury regarding res ipsa loquitur because there was no evidence that decedent's injury does not ordinarily occur absent negligence. We agree. It long has been recognized that "[w]here the actual or specific cause of an accident is unknown, under the doctrine of res ipsa loquitur a jury may in certain circumstances infer negligence merely from the happening of an event and the defendant's relation to it" (*Kambat v St. Francis Hosp.*, 89 NY2d 489, 494). While the doctrine of res ipsa loquitur has been applied to medical malpractice cases, it has been done so sparingly in recognition of the fact that much of the medical treatment rendered to patients involves inherent risks which, even with adherence to the appropriate standard of care, cannot be eliminated. For that very reason, many plaintiffs in medical malpractice actions cannot establish the basic fact essential to the invocation of the doctrine, to wit, that the injury-producing event is of a kind that ordinarily does not occur in the absence of someone's negligence (*see generally, Ebanks v New York City Tr. Auth.*, 70 NY2d 621, 623).

Here, the record reflects that decedent had longstanding degenerative disc disease as a result of his aging process. Plaintiff's expert medical testimony made clear that there could be many causes of the herniation experienced by decedent given his preexisting condition, including hyperextension, hyperflexion, sleeping in an awkward position or even sneezing. More importantly, however, plaintiff's principal medical expert opined that defendant was remiss in not advising decedent of the known risk of neck injury involved in the particular surgery at issue here. Clearly, that testimony bespeaks an inherent

---

* Inasmuch as the right to take a direct appeal from an intermediate order terminates upon entry of a final judgment, the appeals from those orders granting plaintiff's motion to preclude and denying defendant's motion for recusal must be dismissed (*see, Dolan v Jaeger*, 285 AD2d 844, 846 n 2). As defendant's appeal from the final judgment nonetheless brings such interlocutory orders up for review (*see,* CPLR 5501 [a] [1]), we will consider defendant's arguments regarding the propriety of such orders.

risk in the procedure that cannot be completely eliminated in spite of defendant's adherence to the appropriate standard of care and, therefore, precludes a charge of res ipsa loquitur. In the circumstances of this case, we are unable to say that the error in submitting such charge was harmless and, therefore, the judgment must be reversed.

Because a new trial must be had, we deem it appropriate to address certain of the remaining issues raised on appeal. Defendant contends that Supreme Court improperly precluded him from offering expert testimony. His argument in this regard is twofold. First, defendant contends that at the time the motion was brought on, the matter was statutorily stayed as decedent had died and no administrator had yet been appointed. Accordingly, defendant argues, Supreme Court was without jurisdiction to entertain the motion. We disagree. Where, as here, a party's death "does not affect the merits of a case * * *, there is no need for strict adherence to the requirement that the proceedings be stayed pending substitution" (*Bova v Vinciguerra*, 139 AD2d 797, 799). Moreover, it is to be noted that during argument of the preclusion motion, defense counsel conceded that she had no objection to the substitution of Gushlaw as executor of decedent's estate.

Defendant further contends that Supreme Court abused its discretion in precluding him from offering expert testimony in this case, a contention with which we partially agree. As is now well known, CPLR 3101 (d) provides for expert disclosure but establishes no time lines for compliance with its provisions. Because of the disparate judicial treatment of allegedly untimely disclosures under CPLR 3101 (d), the Third Judicial District established a local rule requiring response to an expert demand on or before the filing of the note of issue (80 Seigel's Practice Review, at 2-3 [Feb. 1999]; *see*, Siegel, NY Prac § 348A, at 34 [3d ed, 2000-2001 Pocket Part]). Concededly, that was not done here, although a response was served some six weeks in advance of the scheduled trial indicating that defendant intended to produce a biomechanical engineer, as well as an oral surgeon. With regard to the biomechanical engineer, plaintiffs' counsel may well have been caught wholly unaware by such disclosure, and it was unreasonable to expect that he should be prepared in the six-week interim to engage such an expert to controvert the evidence sought to be produced by defendant. However, the use of an oral surgeon as an expert in this case could hardly be unexpected and a sanction other than the draconian one of preclusion could well have been utilized here, especially as there was no proof of prejudice to plaintiff

or willfulness on the part of defendant. Furthermore, Supreme Court's comments during oral argument on the motion to preclude indicate that there was no exercise of discretion involved here. Rather, the court seems to have taken the position that the local rule mandated preclusion and that it had no choice in the matter. Accordingly, prior to retrial of this matter, Supreme Court should consider anew whether to preclude the oral surgeon from testifying on behalf of defendant.

Next, defendant urges that Supreme Court abused its discretion in denying his motion for recusal. We disagree. Contrary to defendant's assertion that Supreme Court should have referred the recusal motion to another judge for determination, it is well settled that the trial judge is the sole arbiter of recusal, and the court's decision will not be overturned absent an abuse of discretion, which is not evident here (*see, People v Moreno*, 70 NY2d 403, 405-406).

Defendant further contends that Supreme Court erred in not allowing him and his dental assistant to testify as to their general practice in the manner in which they handle patients during surgery. We disagree. "New York courts have long resisted allowing evidence of specific acts of carelessness or carefulness [,except in carefully circumscribed instances,] to create an inference that such conduct was repeated when like circumstances were again presented" (*Halloran v Virginia Chems.*, 41 NY2d 386, 391). The cases permitting the use of such evidence traditionally have been "limited to situations involving the performance of routine business or professional tasks" (*Rigie v Goldman*, 148 AD2d 23, 26), which includes the repetitive manner in which a physician informs his or her patients of the risks involved in a particular type of surgery (*see, id.*, at 29). However, the repetitive "hornbook" warnings conveyed by a physician to prospective surgical patients "is scarcely analogous to that of [an oral surgeon] performing surgery wherein each patient and the nature of his or her medical condition is unique as are the actions of the operating doctor" (*Glusaskas v John E. Hutchinson, III, M.D., P.C.*, 148 AD2d 203, 206).

Finally, we reject defendant's contention that Supreme Court erred in precluding him from testifying as to the results of his independent research of certain medical literature. It is clear that defendant made such offer as proof of the facts or opinions contained in such literature, and it is equally clear that such literature, even if considered authoritative, is not admissible for such purpose (*see, e.g., Kirker v Nicolla*, 256 AD2d 865, 867).

Mercure, J.P., Peters, Carpinello and Mugglin, JJ., concur.

Ordered that the appeals from the orders entered September 5, 2000 are dismissed, without costs. Ordered that the judgment entered October 16, 2000 and order entered January 22, 2001 are reversed, on the law, without costs, and matter remitted to the Supreme Court for a new trial.

