■ THEODORE WASHINGTON, JR., as Administrator of the Estate of MARIA WASHINGTON, Deceased, et al., Respondents-Appellants, v ALBANY HOUSING AUTHORITY, Appellant-Respondent. [746 NYS2d 99] —Mugglin, J.

On the morning of April 12, 1997, Maria Washington and her three-year-old daughter, Arnetha Weaver, died in a fire in their apartment at the Edwin Corning Homes in the City of Albany, which are owned and operated by defendant. This wrongful death action was commenced in October 1997 by the administrators of the respective estates, alleging that defendant negligently maintained the Edwin Corning Homes property. Following joinder of issue and the completion of extensive discovery, defendant moved for summary judgment dismissing the complaint, contending that no legal duty flowed from defendant to decedents, and that, even if such duty existed, the deaths were not caused by breach of that duty. Plaintiffs, in addition to opposing the motion, cross-moved to preclude defendant from presenting any expert testimony due to its failure to comply with the Third Judicial District Expert Disclosure Rule. Supreme Court denied both motions and the parties cross-appeal.

We affirm. It is well settled that the owner of real property is under a legal duty to maintain its premises in a reasonably safe condition (see, Kellman v 45 Tiemann Assoc., 87 NY2d 871; Kush v City of Buffalo, 59 NY2d 26; Basso v Miller, 40 NY2d 233). The existence and scope of a legal duty is, in the first instance, a determination of law to be made by the trial court (see, Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579, 585) by taking into account such factors as whether

plaintiffs were in the zone of foreseeable harm and whether the accident was reasonably foreseeable (see, Di Ponzio v Riordan, 89 NY2d 578, 583; Pizzola v State of New York, 130 AD2d 796, 796). Defendant's argument focuses on two points. First, defendant maintains that since the building in question complied with all applicable fire and building codes, it had met all existing legal duties imposed upon it. Second, defendant argues that the fire itself and the response of the apartment's occupants to the fire were not foreseeable, relieving defendant of any duty of reasonable care.

Defendant's claim of compliance with the fire and building codes is not dispositive of plaintiffs' allegations based on common-law negligence principles (see, Lesocovich v 180 Madison Ave. Corp., 81 NY2d 982; Wilson v Proctors Theater & Arts Ctr. & Theater of Schenectady, 223 AD2d 826). With respect to the issue of foreseeability, "plaintiffs need not demonstrate the foreseeability of the precise manner in which the accident occurred or the precise type of harm produced in order to establish the foreseeability component of their tort claims" (Di Ponzio v Riordan, supra at 583-584, citing Palsgraf v Long Is. R.R. Co., 248 NY 339, 344). Rather, when the harm alleged arises from a purportedly defective condition, it is sufficient that plaintiffs put forth proof that defendant had "actual or constructive notice of the condition for such a period of time that, in the exercise of reasonable care, it should have been corrected" (Juarez v Wavecrest Mgt. Team, 88 NY2d 628, 646).

Plaintiffs have made such a showing by proof that, as a result of the Albany Fire Department responding 375 times to fire alarms at defendant's property in the decade prior to the instant fire, defendant's managers had frequent correspondence and meetings with the fire department concerning the tendency of its gabled roof/soffit system to spread fire and the necessity for the installation of a sprinkler system to retard the spread of fire once it occurs. Recommendations to correct the soffit vents and to install a sprinkler system were accepted by defendant but had not been implemented by the time of this fire, despite the recommendation of its own engineers that the installation of a sprinkler system would insure that the complex would "be maintained in a safe condition acceptable to the appropriate code enforcement authority." We therefore agree with Supreme Court that a genuine issue of fact exists regarding the foreseeability of the fatal fire, as well as issues of fact concerning whether or not defendant breached its common-law duty to maintain its premises in a reasonably safe condition. Moreover, at this juncture, it cannot be said that ei-

ther the child's having started the fire by playing with matches or the husband's attempt to carry a smoldering chair out of the apartment were superceding intervening causes or unforeseeable as a matter of law (*see, Aiken v New York City Hous. Auth.*, 250 AD2d 444; *Dufur v Lavin*, 101 AD2d 319, *affd* 65 NY2d 830). Thus, we find no error in Supreme Court's denial of defendant's motion for summary judgment (*see,* CPLR 3212; *Glick & Dolleck v Tri-Pac Export Corp.*, 22 NY2d 439).

Turning to the cross motion, plaintiffs contend that since defendant has failed for a period of almost three years to respond to their demand for expert disclosure pursuant to CPLR 3103 (d), the Third Judicial District Expert Disclosure Rule requires an order of preclusion. Although the rule suggests that preclusion is mandatory, it nonetheless reserves to the trial court broad discretion to excuse an untimely disclosure (*see,* 2002 Third Jud Dist Rules § I; *Silverberg v Community Gen. Hosp. of Sullivan County*, 290 AD2d 788, 789; *Gushlaw v Roll*, 290 AD2d 667, 669-670). Here, Supreme Court could properly exercise its discretion to excuse the untimely disclosure, particularly in the absence of any claim by plaintiffs that the nondisclosure was intentional or that prejudice has occurred (*see, Simpson v Tenore & Guglielmo*, 287 AD2d 613, 613; *Blade v Town of N. Hempstead*, 277 AD2d 268, 269; *Hansel v Lamb*, 257 AD2d 795, 796; *Peck v Tired Iron Transp.*, 209 AD2d 979, 979). We have considered the remainder of defendant's arguments and find that they have either not been preserved for review or are without merit.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.