■ Susan Gross, Also Known as Susan G. Berlly, Respondent, v Iris Sandow, Appellant. [773 NYS2d 171]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Clemente, J.), entered January 16, 2003 in Sullivan County, upon a decision of the court in favor of plaintiff.

In December 2000, plaintiff contracted to purchase defendant's residence for $210,000 and, prior to the closing, a dam that created a pond on the property broke. Defendant rejected plaintiff's request for an adjustment of the purchase price and threatened to sell to another purchaser. Plaintiff thus commenced this action in April 2001 seeking specific performance and an abatement (see General Obligations Law § 5-1311). Thereafter, the parties stipulated to complete the sale of the property with $20,500 being placed in escrow to be used to fully satisfy any determination regarding the abatement issue. Plaintiff later moved for summary judgment and Supreme Court (Kane, J.) granted her partial relief, finding that she was entitled to an abatement but that a trial was necessary to determine the amount "to restore the pond to the condition it was in at the time the parties signed the contract." At the ensuing trial, plaintiff presented testimony from three witnesses, Richard Ehrmann (a certified soil and water conservation technician), Deming Krum (a contractor who stated that he had previously constructed approximately 10 ponds) and Keith Hamlin (a contractor who claimed to have built or repaired about 100 ponds). Defendant presented no witnesses and Supreme Court determined that plaintiff was entitled to damages of $15,300, plus interest calculated from the date the action was commenced. Defendant appeals.

Defendant argues that the testimony of Ehrmann, Krum and Hamlin should have been precluded because plaintiff allegedly failed to fully comply with defendant's request for disclosure regarding experts. Supreme Court is vested with broad discretion in addressing expert disclosure issues (see CPLR 3101 [d] [1] [i]; Washington v Albany Hous. Auth., 297 AD2d 426, 428 [2002]; see also St. Hilaire v White, 305 AD2d 209, 210 [2003]). Plaintiff provided responses in June 2001 and September 2001— long before the trial in December 2002—that included the names of the witnesses, their businesses or positions, and reports reflecting, among other things, their calculations of damages. No objection was apparently made to these responses until shortly before trial. There was no showing of prejudice by defendant in preparing for this nonjury trial in which damages had been capped by stipulation at a relatively modest amount. To the extent that the responses did not fully comply with the

demanded information, it was within Supreme Court's discretion under the circumstances of this case to permit the witnesses to testify.

We are unpersuaded by defendant's contention that plaintiff's witnesses were not properly qualified to render opinions as experts. Specific academic training may not always be necessary since an individual's expertise in some fields can be gained through real world experience (*see Price v New York City Hous. Auth.*, 92 NY2d 553, 559 [1998]; *Caprara v Chrysler Corp.*, 52 NY2d 114, 121 [1981]). Here, Ehrmann had been a certified soil and water conservation engineering technician for 30 years in Sullivan County. Krum and Hamlin had 28 years and 18 years experience, respectively, as excavating contractors, including work on numerous pond projects.

While we do view the testimony of Ehrmann and Krum lacking with respect to the narrow issue before Supreme Court, Hamlin's testimony, albeit cursory, provided sufficient evidence to sustain Supreme Court's determination of damages. In response to the pertinent question of Supreme Court, Hamlin testified that his initial estimate of $15,300 consisted of replacing the material that was lost when the dam washed out, repairing the existing outlet pipe and stand pipe, and replacing and repairing the electrical conduit light in the dam. After review of this record we find no reason to reject Supreme Court's acceptance of this uncontroverted evidence as ample proof of the cost to restore the pond to the condition that it was in at the time the parties signed the contract (*see Oliver Chevrolet v Mobil Oil Corp.*, 274 AD2d 782, 783-784 [2000]).

Nor are we persuaded that Supreme Court erred in awarding interest. This action was essentially equitable in nature (*see Satterly v Plaisted*, 52 AD2d 1074, 1075 [1976], *affd* 42 NY2d 933 [1977]; *see generally* 91 NY Jur 2d, Real Property Sales and Exchanges § 213), and "the inclusion of interest in recoveries in actions of an equitable nature is left to the sound discretion of the court" (*Rosenblum v Aetna Cas. & Sur. Co.*, 81 AD2d 731, 731 [1981], *lv denied* 54 NY2d 607 [1981]; *see Liberatore v Olivieri Dev.*, 294 AD2d 894, 895 [2002]; 22A NY Jur 2d, Contracts § 576). The award of interest was not precluded by the parties' stipulation and was within the court's discretion. The remaining arguments have been considered and found unpersuasive.

Cardona, P.J., Crew III, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.