■ PAUL MEAD, Appellant, v DR. RAJADHYAX' DENTAL GROUP et al., Respondents. [824 NYS2d 790]—

Peters, J. Appeal from a judgment of the Supreme Court (Aulisi, J.), entered December 1, 2005 in Warren County, upon a verdict rendered in favor of defendants.

In August 2004, plaintiff commenced this dental malpractice action seeking damages for permanent nerve damage and other injuries that followed a surgical tooth extraction performed by defendant Jungwon Shin, an associate with defendant Dr. Rajadhyax' Dental Group. In September 2004, following joinder of issue, plaintiff served a demand for expert disclosure. Defendants' response, one year later, revealed that they expected to call an oral surgeon, licensed in New York, who was a diplomat at the American Board of Oral and Maxillofacial Surgery and the Chair of the Department of Oral Surgery for a major upstate New York hospital. It further revealed that he would testify, among other things, that plaintiff's injuries were most likely caused by the anesthesia and were recognized complications of the anesthesia as listed on the consent form signed by plaintiff.

Plaintiff immediately objected to the timing and content of defendants' disclosure and notified them of his intention to make a motion for preclusion unless they submitted more specific information regarding their expert's qualifications. Defendants failed to provide the requested information prior to the trial which commenced on October 3, 2005. Plaintiff never made the threatened motion until the conclusion of his direct case two days later. In response, defendants handed them a

handwritten document from the file which disclosed all of the requested information, as well as their expert's status as both a licensed physician and dentist.

Notwithstanding the fact that the newly disclosed document was dated November 29, 2004, defendants claimed, at oral argument, that their failure to disclose such information was unintentional and inadvertent. Plaintiff vehemently objected to the late disclosure, focusing on the newly disclosed information about their expert's dual qualifications as both a physician and dentist. Supreme Court refused to preclude the expert's testimony, but did limit the scope of his testimony to that within the ken of a dentist or oral surgeon; no reference was to be made as to his status as a physician. Supreme Court also offered a continuance to plaintiff, which he declined. At the conclusion of the trial, the jury returned a unanimous verdict in favor of defendants, prompting this appeal.

This Court has stated that "virtually all information regarding expert witnesses and their anticipated testimony is discoverable under CPLR 3101 (d) (1) (i), unless 'the request is so detailed that disclosure would have the net effect of disclosing the experts' identities' " (*Morris v Clements*, 228 AD2d 990, 991 [1996], quoting *Pizzi v Muccia*, 127 AD2d 338, 340 [1987]). Although the demand is a continuing request (*see Pizzi v Muccia, supra* at 341), with no set time period for its compliance (*see* CPLR 3101 [d]; *Gushlaw v Roll*, 290 AD2d 667, 669 [2002]), where a party hires an expert in advance of trial and then fails to comply or supplement an expert disclosure demand, preclusion may be appropriate if there is prejudice and a willful failure to disclose (*see Bauernfeind v Albany Med. Ctr. Hosp.*, 195 AD2d 819, 820 [1993], *appeal dismissed and lv denied* 82 NY2d 885 [1993]). Recognizing the broad discretion accorded to a trial court to address these issues, we need only determine if there was an abuse of discretion (*see Gross v Sandow*, 5 AD3d 901, 902 [2004], *lv dismissed and denied* 3 NY3d 735 [2004]; *Washington v Albany Hous. Auth.*, 297 AD2d 426, 428 [2002]; *Cramer v Englert*, 289 AD2d 617, 618-619 [2001], *lv denied* 98 NY2d 604 [2002]).

Plaintiff's expert testified on cross-examination, without objection, to his familiarity with this anesthesia and its potential injurious side effects, as indicated on the package insert that was introduced into evidence. Defendants' expert testified, without objection, to the effect that this oral anesthesia has on a patient, further commenting on the ph of the anesthesia, the mechanics of the anesthesia on the nerves and that exposure to the chemical of the anesthesia can cause the injuries suffered.

In light of plaintiff's awareness of the defense theory, as well as the information gleaned from the package insert, the listing of this complication on the consent form and the testimony elicited from both experts, we find no prejudice. While we agree that the timeliness of defendants' disclosure, coupled with their failure to respond to plaintiff's challenge to its sufficiency, was enough to request an order to compel with a threat of preclusion (*see Gross v Sandow, supra* at 902; *Qian v Dugan,* 256 AD2d 782, 783 [1998]), we have encouraged trial courts to look to less than draconian measures under these circumstances (*see Gushlaw v Roll, supra* at 669).

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.