■ FRED HOWARD et al., Respondents, v KAREN KENNEDY et al., Appellants, et al., Defendant. [875 NYS2d 271]—In an action,

inter alia, to recover damages for medical malpractice, (1) the defendant Horizon Family Medical Group appeals from an order of the Supreme Court, Orange County (McGuirk, J.), dated October 26, 2007, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and (2) the defendants Horizon Family Medical Group and Karen Kennedy appeal from an order of the same court also dated October 26, 2007, which denied their separate motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the orders are affirmed, with one bill of costs.

The appellants made prima facie showings of entitlement to judgment as a matter of law by submitting the affidavit of an expert who opined, inter alia, that the appellants did not deviate from accepted standards of care in their treatment of the decedent, and that, in any event, any alleged deviation was not the proximate cause of the plaintiffs' damages. However, in opposition, the affidavit of the plaintiffs' expert raised a triable issue of fact (*see Etminan v Sasson*, 51 AD3d 623 [2008]; *see also Shields v Baktidy*, 11 AD3d 671, 672 [2004]). "Summary judgment may not be awarded in a medical malpractice action where the parties adduce conflicting opinions of medical experts" (*Shields v Baktidy*, 11 AD3d at 672). Accordingly, the Supreme Court correctly denied the appellants' motions for summary judgment dismissing the complaint insofar as asserted against them.

Contrary to the appellants' contention, the Supreme Court did not err in considering the affidavit of the plaintiffs' expert, despite the plaintiffs' alleged failure to comply with CPLR 3101 (d) (1). The Supreme Court noted that there was a "factual dispute" as to whether the plaintiffs had in fact complied, and its decision to consider the affidavit solely for purposes of summary judgment was a provident exercise of discretion (*see Simpson v Tenore & Guglielmo*, 287 AD2d 613 [2001]; *cf. Construction by Singletree, Inc. v Lowe*, 55 AD3d 861 [2008]).

The appellants' remaining contentions either are not properly before this Court, or are without merit. Rivera, J.P., Ritter, Miller and Belen, JJ., concur.