ANTHONY CHAVIS, Respondent, v SYRACUSE COMMUNITY HEALTH CENTER, INC., et al., Defendants, and PASQUALE SCUTARI, JR., D.D.S., Individually and Doing Business as VITKUS & SCUTARI, D.D.S., P.C., Appellant. [947 NYS2d 857]—

Appeal from an order of the Supreme Court, Onondaga County (John C. Cherundolo, A.J.), entered August 5, 2011. The order denied the motion of defendant Pasquale Scutari, Jr., D.D.S., individually and doing business as Vitkus & Scutari, D.D.S., P.C., for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries allegedly resulting from the malpractice of Pasquale Scutari, Jr., D.D.S., individually and doing business as

Vitkus & Scutari, D.D.S., P.C. (defendant). Plaintiff alleges that defendant was negligent, inter alia, in failing to remove dental packing and/or foreign material following dental surgery. The surgery was performed in August 2000 and the action was commenced in November 2008. Defendant moved for summary judgment dismissing the complaint against him on alternative grounds, i.e., that the action is time-barred and that defendant performed the surgery in accordance with accepted standards of dental practice. We conclude that Supreme Court properly denied defendant's motion.

First, defendant failed to meet his initial burden on that part of the motion alleging that the action is time-barred. Where, as here, a malpractice "action is based upon the discovery of a foreign object in the body of the patient, the action may be commenced within one year of the date of such discovery or of the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier" (CPLR 214-a). It is undisputed that plaintiff discovered the foreign object within one year of the commencement of the action. Further, defendant submitted medical records and other evidence establishing that plaintiff made timely and persistent inquiries to medical and dental professionals with respect to his condition following the surgery. Thus, defendant's own submissions raise a triable issue of fact whether plaintiff discovered facts that would reasonably have led to the discovery of the foreign object more than one year prior to commencing the action (*cf. Cooper v Edinbergh*, 75 AD2d 757, 757-758 [1980]; *see generally Wiegand v Berger*, 151 AD2d 343, 344-345 [1989]).

Second, the court properly concluded that defendant failed to meet his initial burden of establishing that he is entitled to judgment on the ground that the surgery was performed in accordance with accepted standards of dental practice. Defendant testified at his deposition that he did not recall plaintiff's surgery, and his further deposition testimony concerning his general surgical procedures is insufficient to establish that he did not depart from applicable professional standards during plaintiff's surgery (*see Gushlaw v Roll*, 290 AD2d 667, 670 [2002]). In any event, even assuming, arguendo, that defendant met his initial burden, we conclude that the affirmation of plaintiff's expert raised a triable issue of fact (*see Howard v Kennedy*, 60 AD3d 905, 906 [2009]). Present—Smith, J.P., Fahey, Sconiers and Martoche, JJ.