# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

761
CA 11-02292
PRESENT: SMITH, J.P., FAHEY, SCONIERS, AND MARTOCHE, JJ.

---

ANTHONY CHAVIS, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SYRACUSE COMMUNITY HEALTH CENTER, INC.,
ET AL., DEFENDANTS,
AND PASQUALE SCUTARI, JR., D.D.S.,
INDIVIDUALLY AND DOING BUSINESS AS VITKUS &
SCUTARI, D.D.S., P.C., DEFENDANT-APPELLANT.

---

HANCOCK ESTABROOK, LLP, SYRACUSE (ASHLEY D. HAYES OF COUNSEL), FOR
DEFENDANT-APPELLANT.

GREENE & REID, PLLC, SYRACUSE (EUGENE LANE OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County (John
C. Cherundolo, A.J.), entered August 5, 2011.  The order denied the
motion of defendant Pasquale Scutari, Jr., D.D.S., individually and
doing business as Vitkus & Scutari, D.D.S., P.C., for summary
judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages for
injuries allegedly resulting from the malpractice of Pasquale Scutari,
Jr., D.D.S., individually and doing business as Vitkus & Scutari,
D.D.S., P.C. (defendant).  Plaintiff alleges that defendant was
negligent, inter alia, in failing to remove dental packing and/or
foreign material following dental surgery.  The surgery was performed
in August 2000 and the action was commenced in November 2008.
Defendant moved for summary judgment dismissing the complaint against
him on alternative grounds, i.e., that the action is time-barred and
that defendant performed the surgery in accordance with accepted
standards of dental practice.  We conclude that Supreme Court properly
denied defendant's motion.

First, defendant failed to meet his initial burden on that part
of the motion alleging that the action is time-barred.  Where, as
here, a malpractice "action is based upon the discovery of a foreign
object in the body of the patient, the action may be commenced within
one year of the date of such discovery or of the date of discovery of
facts which would reasonably lead to such discovery, whichever is

earlier" (CPLR 214-a).  It is undisputed that plaintiff discovered the foreign object within one year of the commencement of the action. Further, defendant submitted medical records and other evidence establishing that plaintiff made timely and persistent inquiries to medical and dental professionals with respect to his condition following the surgery.  Thus, defendant's own submissions raise a triable issue of fact whether plaintiff discovered facts that would reasonably have led to the discovery of the foreign object more than one year prior to commencing the action (*cf. Cooper v Edinbergh*, 75 AD2d 757, 757-758; *see generally Wiegand v Berger*, 151 AD2d 343, 344-345).

Second, the court properly concluded that defendant failed to meet his initial burden of establishing that he is entitled to judgment on the ground that the surgery was performed in accordance with accepted standards of dental practice.  Defendant testified at his deposition that he did not recall plaintiff's surgery, and his further deposition testimony concerning his general surgical procedures is insufficient to establish that he did not depart from applicable professional standards during plaintiff's surgery (*see Gushlaw v Roll*, 290 AD2d 667, 670).  In any event, even assuming, arguendo, that defendant met his initial burden, we conclude that the affirmation of plaintiff's expert raised a triable issue of fact (*see Howard v Kennedy*, 60 AD3d 905, 906).

Entered:  June 8, 2012                          Frances E. Cafarell
                                                Clerk of the Court